Florence O. Spry, administratrix of estate of Cecil L. Over-
baugh, deceased, appellee, v. Hugh Lamont and
Geraldine Lamont, appellants.

No. 51494.

(Reported in 132 N.W.2d 446)

322

January 12, 1965.

Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar

Rapids, and Sebesta & Kuehnle, of Mechanicsville, for counter-claimants-appellants.

Zimmerman & Zimmerman, of Waterloo, Simmons, Perrine, Albright, Ellwood & Neff, of Cedar Rapids, and J. E. Heiserman, of Anamosa, for appellee.

GARFIELD, C. J.—The administratrix of the estate of Cecil L. Overbaugh, deceased, brought this law action against Hugh and Geraldine Lamont, husband and wife, to recover for his death in a head-on collision of automobiles on a blacktop county highway about one and one-half miles south of Mechanicsville about 6:15 p.m., December 2, 1961. Decedent was alone in his 1938 Buick driving south. Mrs. Lamont was driving north in her husband's 1961 Valiant in which her aged mother-in-law was a passenger.

It is admitted Mrs. Lamont was driving with her husband's consent and he would be liable under section 321.493, Code, 1962, for damages by reason of her negligence. For convenience we refer to her as if she were sole defendant.

Mrs. Lamont was seriously injured in the collision and suffered complete loss of memory regarding it. The aged mother-in-law was killed. Mrs. Lamont counterclaimed for damages from her injuries and Mr. Lamont claimed damages for loss of consortium. Trial resulted in jury verdicts denying all three claims. From judgment on the verdicts the Lamonts have appealed.

Errors are assigned in overruling defendant's motion for directed verdict on plaintiff's claim and her motion to withdraw, for lack of evidential support, the charges of defendant's negligence therein. Errors are also claimed in some of the jury instructions and a few rulings on evidence. We find no error assigned and argued by defendant for which she is entitled to a reversal.

I. Defendant is the only living eyewitness to the accident and, as stated, she suffered amnesia as a result of it. Each party was therefore entitled to the benefit of the no eyewitness rule on the issue of freedom from contributory negligence. See Ruble v. Carr, 244 Iowa 990, 995, 59 N.W.2d 228, 231, 232, and citations; Lingle v. Minneapolis & St. Louis Ry. Co., 251 Iowa

1183, 1187, 1188, 104 N.W.2d 467, 469, 470, and citations, where the rule is stated.

II. It was dark, very foggy and visibility very poor at the time and place of the accident. The evidence as to exactly how and where the collision occurred is wholly circumstantial. The principal fighting point in the evidence is where the collision occurred with reference to the center of the 26-foot traveled (blacktopped) part of the highway. Basis for the assigned errors most argued is the contention that as a matter of law the collision occurred on defendant's (east) side of the center of the highway and there is no credible evidence to the contrary.

After the impact decedent's Buick was sitting approximately in the center of the highway, headed southeast, according to several of the witnesses. Both its rear wheels were on the west (its right) side of the center, both front wheels on the east (defendant's) side. Defendant's Valiant was standing upright in the ditch on the east side of the grade, headed north, its front end about eight feet south of the Buick. A state highway patrolman who arrived at the scene some 30 minutes after the accident measured 19 feet between the left front fenders of the two vehicles. Heaviest damage to each car was to its left front, indicating that portion of each vehicle collided.

III. The trial court submitted to the jury five of the charges of negligence contained in plaintiff's petition: 1) failure of defendant to yield half the traveled portion of the road; 2) failure to keep a proper lookout; 3) excessive speed under the conditions then existing; 4) failing to have her vehicle under control; and 5) driving at a speed greater than permitted defendant to bring her vehicle to a stop within the assured clear distance ahead.

The court submitted to the jury four charges of negligence against decedent in defendant's counterclaim. Two were practically identical with two and four above, also failing to keep on his (decedent's) right-hand side of the highway and to give half the traveled way by turning to the right when meeting defendant's car.

IV. Any error in overruling defendant's motion to direct a verdict for her on plaintiff's claim or in submitting to

the jury, on such claim, the grounds of negligence charged therein must be deemed without prejudice to defendant in view of the jury verdict and judgment denying the claim. The effect of the verdict is the same as if the motion to direct had been sustained. LeClere v. Iowa Electric Light & Power Co., 254 Iowa 779, 789, 119 N.W.2d 203, 209; Schneider v. Keokuk Gas Service Co., 250 Iowa 37, 39, 92 N.W.2d 439, 440; Cunningham v. Court, 248 Iowa 654, 661, 662, 82 N.W.2d 292, 296, 297; Bennett v. Ryan, 206 Iowa 1263, 1265, 222 N.W. 16; Baker v. Zimmerman, 179 Iowa 272, 277, 278, 161 N.W. 479; Herman & Ben Marks, Inc., v. Hass, 166 Iowa 340, 342, 147 N.W. 740, Ann. Cas. 1917D 543; Michaelsohn v. Smith, N. D., 113 N.W.2d 571, 574.

Volume 5 Am. Jur.2d, Appeal and Error, section 792, states: "Errors committed against a party are cured by a verdict or judgment in his favor."

Volume 5A C. J. S., Appeal and Error, section 1758, pages 1121, 1122, says: "In respect of an erroneous refusal to direct a verdict it has been held that the error is not prejudicial * * * where the verdict is for the party making the motion, as to the count to which the motion was directed; * * *." Idem, section 1759, page 1129, states: "The rule with respect to harmless error has also been applied * * * where the finding on the issue improperly submitted was against the party in whose behalf it was submitted; * * *."

V. Defendant contends submission to the jury of the charges of negligence made against her in plaintiff's petition was prejudicial to her right to recover on her counterclaim in that the jury would believe the charges so submitted bore on defendant's freedom from contributory negligence as alleged in the counterclaim. The instructions referred to do not purport to bear on defendant's freedom from contributory negligence but it is possible the jury may have believed they did.

At best it is doubtful if defendant objected to the instructions in the trial court on the ground now urged. If she did not, of course she is not entitled to urge the point here. The procedural situation somewhat resembles that in Fagen Elevator v. Pfiester, 244 Iowa 633, 637, 638, 56 N.W.2d 577, 579, and

Slabaugh v. Eldon Miller, Inc., 244 Iowa 29, 38, 39, 55 N.W.2d 528, 533.

However, assuming the jury considered the instructions on the charges of negligence made against defendant as bearing on the issue of her freedom from contributory negligence, we think they were not, for this reason, erroneous. The charges so submitted, stated in Division III, supra, are failure of defendant to yield half the traveled way (required by section 321.298, Codes 1958, 1962), keep a proper lookout and have her vehicle under control; also excessive speed under existing conditions and speed greater than permitted her to stop within the assured clear distance ahead (in violation of section 321.285). In connection with the assured-clear-distance question, there is evidence decedent's Buick was stopped at the time of the collision and an amendment to the counterclaim so alleges.

In considering the propriety of submitting to the jury the question whether defendant was free from contributory negligence in the above respects, if the instructions may be construed as doing so, it is important to bear in mind that the burden rested on her, under her counterclaim, to prove by a preponderance of the evidence she was free from negligence, including violation of an applicable statute, which contributed in anyway or degree directly to her injury. Defendant's argument boils down to the contention she discharged this burden as a matter of law and there was no room for a jury finding she failed to show freedom from contributory negligence in the above respects.

The contention cannot be accepted. Many decisions point out that in the absence of an admission by his adversary it is not often a party who has the burden on an issue establishes his claim as a matter of law. This is specially true where the issue is one such as freedom from contributory negligence which is ordinarily for the jury. Ruble v. Carr, supra, 244 Iowa 990, 993, 994, 59 N.W.2d 228, 230, 231, and citations. See also rule 344(f)10, 16; Shepherd v. McGinnis, 257 Iowa 35, 50, 131 N.W.2d 475, 483, 484.

The Ruble case is quite in point on the question whether defendant established as a matter of law her freedom from contributory negligence in the respects plaintiff's petition alleges

she was negligent. (Plaintiff's reply to the counterclaim does not allege defendant was contributorially negligent in any particular.) The Ruble collision was between vehicles approaching each other on a foggy night. There, as here and in most such cases, a vital factual issue was which car was wholly or partly on the wrong side of the road. The trial court, sitting as a jury, found defendant was negligent in this respect but that plaintiff failed to show his freedom from contributory negligence in this and other respects even though, as here, the no eyewitness rule was applicable. We affirmed the decision.

So here, we think the jury could properly find it did not conclusively appear the cars collided wholly on defendant's (east) side of the center of the highway. It is entirely possible the jury was unable to find where the cars collided with reference to the center. The evidence is circumstantial, such as the position of the vehicles as they came to rest, tire marks and the location of dirt and debris from the collision. Deductions to be made from such evidence are ordinarily for the jury. Hackman v. Beckwith, 245 Iowa 791, 797, 64 N.W.2d 275, 279. See also Slabaugh v. Eldon Miller, Inc., supra, 244 Iowa 29, 32, 33, 55 N.W.2d 528, 530, 531, holding the weight to be given the position of the vehicles after the collision is ordinarily for the jury.

Decedent's son who arrived at the scene soon after the accident testified, "on the west side I noticed dirt, mud and rocks, apparently from under the car." Mr. Floyd Siver who then lived about 1000 feet north of the scene, on the west side of the road, was an early arrival. He said, "I swept off the pavement. We found debris scattered all over the place; dirt, glass, and antifreeze or water. Some of the debris was on the west side of the road. There was dirt and glass on both sides." Other testimony of Siver is to like effect. Lee Groves, an auto mechanic, another early arrival at the scene, testified, "my first observation was of the Buick and it was toward the right-hand side of the road as I was going south with the front end of it pointed in a southeasterly direction." Dwight Green, first person at the scene, said there was debris, broken glass and the hood of the Buick on the west side of the road but he thought there was more debris on the east side.

The highway patrolman and sheriff arrived at the place of collision some 30 minutes after it occurred. They expressed the opinion the impact occurred on the east side of the center. The jury could find these opinions were based in part on a tire mark claimed to be on that side and that one of these witnesses stated, in the presence of the other, no tire marks or other marks could be found. In any event, the jury was not required to accept these opinions as a verity.

Defendant testified that as she approached the place of the accident she saw lights ahead of her and to the west and she assumed they were from the Siver place. There is much testimony that because of the fog, lights from the Siver place could not then be seen from the vicinity of the collision. The jury could conclude the lights defendant said she saw ahead and to the west were from decedent's car, not from the Siver place, and that this at least casts doubt on defendant's claim the cars collided on the east side of the road.

If, as we believe, there is circumstantial evidence the collision did not occur on defendant's side of the road, it is plain the jury could find her freedom from contributory negligence in the matter of yielding half the traveled way was not shown. And unless we are to presume defendant willfully failed to yield half the road, there arises also a fair inference she failed to keep a proper lookout and have her car under control. Pazen v. Des Moines Transportation Co., 223 Iowa 23, 272 N.W. 126; Hackman v. Beckwith, supra, 245 Iowa 791, 801, 803, 64 N.W.2d 275, 282, 283; Law v. Hemmingsen, 249 Iowa 820, 829, 830, 89 N.W.2d 386, 393; Hamdorf v. Corrie, 251 Iowa 896, 911, 913, 101 N.W.2d 836, 845, 846. See also Mathews v. Beyer, 254 Iowa 52, 58, 116 N.W.2d 477, 480.

There is little doubt the jury could also find defendant's car was driven at excessive speed under the extremely hazardous conditions and at a speed greater than permitted her to stop within the assured clear distance ahead. It is clear the finding would be warranted that negligence of defendant in any of these respects, if there was such, contributed directly to the collision.

VI. Error is assigned in the giving of jury instruction 16 in connection with plaintiff's charge that defendant vio-

lated the assured-clear-distance requirement of Code section 321.285 and defendant-counterclaimant's charge that decedent was negligent in failing to keep on his right-hand side of the highway. The third paragraph of the instruction states decedent would not be negligent *in this respect* unless he stopped or left his vehicle standing on the east half of the traveled part of the highway. This portion of the instruction is now assailed on the ground Code section 321.354 prohibits stopping or leaving standing any vehicle upon the traveled part of a highway (outside of a business or residence district) without leaving at least 20 feet of such part of the highway opposite the vehicle for the free passage of other vehicles.

As stated, the counterclaim charges decedent was negligent in failing to: 1) keep on his right-hand side of the highway, and 2) give half the traveled way by turning to the right when meeting defendant's car (obviously in claimed violation of Code section 321.298). Instruction 14 correctly instructed with reference to the requirement of 321.298. Apparently the first of these two charges of negligence was intended to apply if the jury found decedent's car was stopped on his left-hand side of the highway prior to the collision. Otherwise it would add little, if anything, to the second charge just referred to. We note that defendant's fourth requested instruction contained the statement she had a right to assume decedent would not park his car on her side of the highway.

An amendment to the counterclaim alleges decedent was negligent in stopping his vehicle upon the traveled highway in violation of section 321.354, previously summarized. This added charge was not submitted to the jury and no objection to the instructions was asserted as required by rule 196, Rules of Civil Procedure, because of such omission. Defendant requested an instruction on the violation of 321.354 but did not object, prior to the filing of her motion for new trial, to the court's failure to give it, as also required by rule 196.

We have frequently called attention to the requirement of rule 196 of objections, before the instructions are read to the jury, to giving or failing to give any instruction, specifying the matter objected to and on what grounds. Also that objections

to instructions first asserted in a motion for new trial are too late. Stewart v. Hilton, 247 Iowa 988, 995, 77 N.W.2d 637, 641, and citations; Mongar v. Barnard, 248 Iowa 899, 911, 82 N.W.2d 765, 773, and citations; Olson v. Truax, 250 Iowa 1040, 1050, 1051, 97 N.W.2d 900, 906, 907, and citations.

Since instruction 16 was expressly given in connection with the charge in the counterclaim that decedent failed to keep on his right-hand side of the highway, instruction 14 properly instructed as to violation of section 321.298, no proper objection was taken to the court's failure to submit to the jury decedent's alleged violation of section 321.354 and defendant's theory of the case throughout has been that the impact occurred on her side of the highway, we find no error in instruction 16 of which she may complain.

VII. Instruction 17 states a driver may assume another vehicle will yield half the traveled portion of the highway until, in the exercise of due care, he knows or should have known otherwise. Also "In this connection you may consider the visibility, lack of a marking showing the center of the traveled portion and all other circumstances shown by the evidence to have existed at the time and place of the accident."

Defendant objected to the quoted sentence on the grounds it destroys in part the rule stated in the previous sentence and the duty to yield half the traveled way is not taken away or mitigated by visibility, lack of a center mark or any other circumstance short of a legal excuse, as defined in Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, 554. We are not persuaded the inclusion of the second sentence was reversible error upon the ground asserted.

In argument it is said the instruction makes the right to assume another vehicle will yield half the traveled way dependent on whether there was a center line in the highway and other conditions. But this is not what the instruction says. No complaint is made of the first sentence which limits a driver's right to assume another vehicle will yield half the traveled way until, in the exercise of due care, he knows, or should have known, otherwise. The second sentence, commencing "In this connection," immediately follows. What this sentence apparently

332

was intended to say, and we think does say, is that in considering whether a driver, in the exercise of care, should have known another vehicle will not yield half the road the jury may consider the visibility, lack of a center marking and all other circumstances shown in the evidence.

It would seem almost, if not quite, common knowledge to every motorist that it is more difficult to keep on the right side of the traveled way where visibility is limited by heavy fog and there is no center marking. We are not prepared to base a reversal on the court's suggestion to the jury that it might consider visibility, lack of a center mark and all other circumstances in evidence in connection with whether a driver, in the exercise of care, "should have known otherwise."

Instruction 17 is an abstract statement. It does not apply to defendant anymore than to decedent. It does not appear to be advantageous, or prejudicial, to either litigant to the exclusion of the other. We may add that instruction 18, to which no objection was taken, states that, in considering the issues, a motorist has a right to assume other drivers will operate their vehicles as required by law unless or until he knows, or in the exercise of reasonable care, should know to the contrary. The instruction contains no other limitation.

The latter part of defendant's objection to instruction 17 incorrectly asserts nothing short of a legal excuse will mitigate failure to yield half the traveled way upon meeting another vehicle. A similar incorrect objection was made to instruction 14 on the duty to yield half the traveled way. We have consistently held violation of the statutory rule referred to (section 321.298) is prima facie evidence of negligence, not negligence per se, as is violation of other statutory rules of the road. Noncompliance with 321.298 may be justified by evidence the motorist was in the exercise of reasonable care under the circumstances, notwithstanding such noncompliance. Silvia v. Pennock, 253 Iowa 779, 783, 113 N.W.2d 749, 752, and citations; McMaster v. Hutchins, 255 Iowa 39, 47, 120 N.W.2d 509, 513, and citations.

VIII. Error is asserted to the part of instruction 16 dealing with the assured-clear-distance rule on the ground the

evidence does not show how long before the collision decedent's car was stopped, if it was stopped, on the highway. We have already observed there is evidence the Buick was stopped on the highway, defendant so alleged and requested two instructions which referred respectively to illegally stopping or leaving standing a vehicle, and illegally parking it. There is also evidence the headlights of the Buick were on at and before the time of collision. As indicated in Division V, supra, we think there is evidence defendant drove at a greater speed than permitted her to stop in the assured clear distance.

Instruction 16 requires, as conditions to a finding defendant drove at a speed which did not permit her to stop within the assured clear distance, that 1) decedent stopped or left standing his vehicle on the traveled way in violation of section 321.354, and 2) defendant drove at a speed greater than permitted her to stop within the assured clear distance after becoming aware, or as a reasonable and prudent person she should have become aware, decedent had so stopped or left standing his vehicle. This seems to be as favorable to defendant as she was entitled to have the jury instructed on this point.

We have said, "If defendant, acting prudently, should have seen the object ahead, the question of 'assured clear distance' becomes one for the jury" (citations). Wiese v. Hoffman, 249 Iowa 416, 424, 86 N.W.2d 861, 866. See also in support of our conclusion in this division Pelter v. Spring, 242 Iowa 1117, 1119, 49 N.W.2d 478.

As frequently happens, defendant's argument here raises grounds of objection to instruction 16 and other instructions not asserted in the trial court as required by rule 196, R. C. P. We must decline to consider them. See citations in Division VI, supra; also Slabaugh v. Eldon Miller, Inc., supra, 244 Iowa 29, 33, 34, 55 N.W.2d 528, 530; Cunningham v. Court, supra, 248 Iowa 654, 662, 663, 82 N.W.2d 292, 297; Ritter v. Andrews Concrete Products & Supply Co., 250 Iowa 297, 299, 93 N.W.2d 787, 788.

IX. On plaintiff's cross-examination of defendant's witnesses, the highway patrolman and sheriff, they said they did not recall telling decedent's son, on the night of the accident,

they were unable to find any tire marks at the scene. On rebuttal the son testified one of the officers then made such a statement in the other's presence. This was the extent of the witness' direct examination on rebuttal. On defendant's cross-examination the son was asked if he inquired of the officers which side of the road the Buick was at the time it was observed. Plaintiff's objection as not cross-examination was sustained.

However, the witness promptly gave two answers on cross-examination which fully answered the above question, "I did not ask them any questions about the accident other than tire marks. * * * I had no conversation with the sheriff or patrolman other than skid marks." It is therefore obvious the ruling defendant complains of was without prejudice to her. Russell v. Chicago, R. I. & P. R. Co., 251 Iowa 839, 850, 102 N.W.2d 881, 888, and citations; Castner v. Wright, 256 Iowa 638, 646, 127 N.W.2d 583, 587; Shepherd v. McGinnis, supra, 257 Iowa 35, 49, 131 N.W.2d 475, 483.

The court also ruled it was not proper cross-examination to ask the son if he observed any debris or saw the officers taking photographs at the scene. These rulings present no abuse of the considerable discretion the trial court has in determining the scope and extent of cross-examination. Russell case, supra; Castner v. Wright, supra, and citations at page 648 of 256 Iowa, page 589 of 127 N.W.2d.

X. Certain rulings on testimony of plaintiff's witness Groves are assigned as error. He was an auto mechanic of long experience, proprietor of a service garage and, except for four years, serviced the Buick since decedent bought it in 1938. Groves serviced the car the day of the accident and decedent apparently drove it from the garage direct to the place of collision. One disputed issue was whether the headlights were on at the time of impact. They were off afterwards but, as stated, there is substantial evidence they were on at the time. The rear lights were on but it is not clear whether they were the taillights or the brakelights.

Groves was asked whether it was difficult or easy to knock out a filament in the light bulb of a 1938 Buick. Over defendant's objection the question called for an opinion and conclusion,

was speculative and no foundation, the witness was permitted to answer, "I have dropped several of those bulbs upon installing them and found the glass didn't shatter but the element within the bulb was broken." Defendant's motion to strike the answer for the reasons stated in the objection and because the answer could not be anticipated was also overruled. The principal argument against these rulings here is it was not shown the witness was enough of an expert to give such testimony.

We are not persuaded these rulings were reversible error upon such ground, assuming the objection made sufficiently raised the point now argued. In addition to the witness' long experience as an auto mechanic it was shown he had taken courses in electrical wiring in automobiles. Further, defendant could have suffered little if any prejudice from the quoted answer as to the witness' own experience.

Witness Groves was asked if he could tell from two photographs of the wrecked Buick, admitted in evidence as exhibits, whether it received a tremendous impact of some nature. Over defendant's objection of incompetent, irrelevant, immaterial and of no probative value, he was permitted to answer, "Apparently it sustained quite a push on the corners to have buckled the 'A' frame up and dropped it down to the roadbed and did the front end damage to the car's metal structure." The only argument here in support of this assigned error is that the witness was not shown qualified to give the quoted answer. It is sufficient to point out the objection at the trial did not raise the question of the witness' qualifications. The testimony was not irrelevant or immaterial. The particular ground of incompetency, if any, was not indicated. We find no error in overruling the general objection made. See in this connection Ferris v. Riley, 251 Iowa 400, 410, 411, 101 N.W.2d 176, 182, and citations; Wickman v. Illinois Central R. Co., 253 Iowa 912, 921, 114 N.W.2d 627, 632; McCrady v. Sino, 254 Iowa 856, 863, 118 N.W.2d 592, 595, 596.

On defendant's cross-examination of Groves he circled on a photograph showing the Buick's instrument panel, an exhibit at the trial, what he said was the light switch. Defendant later brought out by another witness that what was circled was

the hand throttle, not the light switch. Plaintiff called Groves in rebuttal and, over defendant's objection it was not rebuttal, the witness admitted he was in error in circling the throttle, rather than the light switch, and indicated his earlier testimony was given without taking sufficient time to locate the switch properly.

We find no reversible error in these rulings. If we assume the testimony on plaintiff's rebuttal should have been given earlier, its belated receipt was not necessarily error. The trial court had discretion, "in furtherance of justice," to permit it in rebuttal. Rule 191(d), Rules of Civil Procedure. We will not interfere with such a ruling on appeal unless there is a clear abuse of discretion which we do not find here. Robson v. Barnett, 241 Iowa 1066, 1070, 1071, 44 N.W.2d 382, 384, and citations.

Further, it would seem advantageous, rather than prejudicial, to defendant for plaintiff's witness to admit on rebuttal testimony previously given by him was erroneous.

After considering all contentions presented we are not persuaded there should be a reversal.—Affirmed.

All JUSTICES concur.