MYRTLE WAGAMAN, appellee, v. JAY OLIVER RYAN, appellant.

No. 52038.

(Reported in 142 N.W.2d 413)

May 3, 1966.

F. W. Tomasek, of Grinnell, and Cartwright, Druker, Ryden & Fagg, of Marshalltown, for appellant.

Lundy, Butler, Wilson & Hall, of Eldora, for appellee.

Garfield, C. J.—Defendant Jay Oliver Ryan has appealed from judgment on jury verdict of $70,000 in favor of plaintiff Myrtle Wagaman for personal injuries sustained in a head-on collision of automobiles on U. S. Highway 65 south of Iowa Falls.

Errors are assigned in refusing to withdraw a specification of negligence alleged in plaintiff's petition and instructing the jury thereon, in giving jury instructions 6, 10 and 13 and refusal of defendant's requested instruction 4 and, finally, in denying a new trial because of claimed excessive verdict.

The collision occurred May 28, 1962, about 4:15 p.m. Plaintiff, then 45, was driving her 1962 Mercury Comet, weighing 2500 pounds, north with her mother, a niece and a girl friend of the niece as passengers. Defendant, then about 70, was alone in his 1957 Dodge, weighing 3800 pounds, proceeding south. It conclusively appears the cars collided head-on on the east half of the 22-foot, 2-lane highway about in front of Joe's Filling Station at the northeast corner of an intersection of the highway with an east-west gravel road.

Plaintiff's mother and the niece's girl friend were fatally

injured. Plaintiff suffered multiple fractures and other serious permanent injuries. The niece, who rode in the rear seat with her friend, was less seriously injured. Defendant suffered a broken leg, chipped elbow, broken jaw and some other less serious injuries. These three survivors of the collision, evidently due to their injuries, have no memory of the actual occurrence. Plaintiff and her niece recall nothing after they passed a so-called park less than a mile south of the place of collision.

According to his testimony defendant recalls nothing after "apparently a heavy wall of water and extremely heavy gust of wind or small tornado pushed me directly across the road" a moment before the impact. He says he did not see plaintiff's car before the collision. A front wheel of plaintiff's car left a skid-mark 27 feet long south of the point of impact so plaintiff evidently saw defendant's car at least a moment before they collided. No skidmark from defendant's car was found.

Defendant pleaded as an affirmative defense that the sudden downpour of rain and overpowering gust of wind constituted an act of God which was the sole proximate cause of the collision.

I. Plaintiff alleged four specifications of negligence against defendant which the court submitted to the jury: 1) Failing to give half the traveled way by turning to the right; 2) turning his automobile from a direct course upon the highway when such movement could not be made with reasonable safety; 3) failing to have his vehicle under control; and 4) failing to keep a proper lookout. Defendant concedes there is ample evidence to justify submission of all but the second of these charges of negligence.

At the close of the evidence defendant moved to withdraw from jury consideration the second charge of negligence on the ground it has no proper application to the evidence. Overruling the motion and giving instruction 8 bearing upon this specification, over defendant's objection upon the same ground as asserted in his motion to withdraw, constitute the first error assigned.

As defendant admits, it is not entirely clear whether plaintiff intended to plead a violation of the part of section 321.314, Code, 1962, which provides "No person shall turn a vehicle from

a direct course upon a highway unless and until such movement can be made with reasonable safety * * *." Defendant thinks the point is immaterial because the pleading is in the language of the statute and, it is said, the same logic applies whether plaintiff relies on the statute or common law.

Instruction 8 contains the language quoted from section 321.314, without referring to the statute, and says in substance defendant was required to exercise reasonable care under the circumstances in the matter of yielding the right-of-way by not turning, or making such a turn, when plaintiff's automobile was approaching from the opposite direction and a failure so to do would be negligence. The instruction goes on to say the burden was on plaintiff to prove by a preponderance of the evidence that defendant's car was approaching plaintiff's; defendant intended to and did turn when plaintiff's automobile was so close as to render the turn an immediate hazard, and an ordinarily careful person would not have done so; if the jury finds plaintiff has so proven then it should find defendant negligent in this respect, otherwise not.

Defendant's main argument under this assignment is that this charge of negligence does not apply unless he intended to turn left at either Joe's Station or the intersection south of it, instruction 8 requires a finding of an intent to turn, defendant testified he did not intend to turn near the place of collision but to proceed on south, there is insufficient evidence to support a finding contrary thereto and it must therefore rest wholly on speculation and conjecture.

Authorities are cited for the familiar proposition it is error to submit to a jury a charge of negligence (or, for that matter, any issue) not supported by the evidence or which rests only on speculation and conjecture.

Defendant admits there is substantial evidence that casts doubt on the claim his car was forced into the east lane of travel by sudden heavy rain and high wind and the jury could properly reject this defense. But, we are told, if defendant's explanation of his presence in the wrong lane is rejected, all that is left is the fact of such presence, which is only prima facie evidence of negligence under Code section 321.298 requiring motorists who meet to give half the traveled way by turning to the right.

We are not persuaded it was prejudicial error not to withdraw this second charge of negligence or to give instruction 8 thereon over the objection defendant made to it.

It may be conceded section 321.314 is primarily designed to apply to a motorist who intends to and does turn his vehicle from a direct course upon a highway, usually at an intersection or driveway. But we are not prepared to hold the statute does not apply to such a case as this even in the absence of affirmative evidence of an intent to turn. We think instruction 8 was more favorable to defendant than he was entitled to in requiring proof of such an intent, whether the charge of negligence is considered one of statutory violation or under common law.

 We have held several times the common-law duty to exercise ordinary care under the circumstances, irrespective of statute, rests on a motorist at all times. Statutory rules of the road are cumulative and do not abrogate this common-law duty. They set the minimum, not the maximum, standard of care. Compliance with statute is not all that is required of a motorist. Clayton v. McIlrath, 241 Iowa 1162, 1168, 44 N.W.2d 741, 745, 27 A. L. R.2d 307, and citations; Mongar v. Barnard, 248 Iowa 899, 904, 905, 82 N.W.2d 765, 769; Sisson v. Weathermon, 252 Iowa 786, 797, 108 N.W.2d 585, 590, 591; Christensen v. Kelley, 257 Iowa 1320, 1324, 135 N.W.2d 510, 512.

██ So here, irrespective of section 321.314, it was defendant's duty to exercise reasonable care under the circumstances not to turn his car into the east lane of travel when plaintiff's car was approaching so close as to render the turn an immediate hazard. It was proper to so instruct the jury as instruction 8 did, provided of course there is substantial evidence of a violation of such duty. We are clear there is such evidence.

The argument that if defendant's explanation of his presence in the wrong lane is rejected, nothing is left but a violation of section 321.298 overlooks the fact that submission of this second charge of negligence required proof defendant turned his car into the path of plaintiff's car when it was so close as to render the move an immediate hazard. Mere failure to yield half the traveled way by turning to the right upon meeting

plaintiff's car in violation of 321.298 would not support submission of this charge of negligence.

Defendant also says it is doubtful, in any event, without regard to his main argument, and for a wholly independent reason, that section 321.314 has any application to this case. The point suggested is that a turn from one side of the highway to the other is not a turn from a direct course upon the highway.

It is not at all clear that the point suggested is within the grounds of the motion to withdraw the second charge of negligence and the objection to instruction 8. Of course defendant is not entitled to have considered here a ground of objection to an instruction not timely raised upon the trial. Rule 196, Rules of Civil Procedure; Spry v. Lamont, 257 Iowa 321, 326, 132 N.W.2d 446, 449; Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 456, 138 N.W.2d 93, 99.

As we have indicated, we think it was proper to submit this ground of negligence even though section 321.314 is interpreted as now suggested. Turning into the path of an oncoming car on the same straight highway may surely be found a negligent act regardless of whether this statute is violated by doing so.

About the same point suggested here was made in Clayton v. McIlrath, supra, 241 Iowa 1162, 1166, 1167, 44 N.W.2d 741, 744, 27 A. L. R.2d 307. We said the question seems never to have been squarely decided by us and refrained from doing so there. The decision was placed upon a ground similar to that expressed here but language in the cited opinion indicates section 321.314 could be violated by turning to the left to pass a preceding vehicle (page 1170 of 241 Iowa, page 746 of 44 N.W. 2d).

II. Instruction 6 relating to plaintiff's first specification of negligence, supra, was objected to because it overlooks defendant's affirmative defense and does not say that violation of Code section 321.298 would be excused if caused by something over which defendant had no control.

The instruction states that a motorist is not required to drive on the right-hand side of the highway in the country at all times but when meeting each other shall give half the traveled

way by turning to the right and a violation of this requirement constitutes prima facie or presumptive evidence of negligence which may be justified by a finding the motorist was exercising reasonable care under the existing circumstances. The instruction goes on to apply this abstract statement of the law to the parties to this case. No reference is made to defendant's affirmative defense or a legal excuse.

Incidentally we note the instruction is more favorable to defendant than it might be in one respect. It requires a finding defendant operated his car on the east half of the traveled way at the point of collision. Since, as stated, this conclusively appears, such a finding might not have been required.

Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, 554, and numerous decisions which follow it hold that violation of a statutory rule of the road, *other than what is now section 321.298*, is negligence unless the offending driver shows a legal excuse therefor. One of the four recognized legal excuses is the existence of something over which the driver has no control which places his car in a position contrary to statute. However, it is not necessary to show a legal excuse for violation of section 321.298. Instruction 6 correctly states such a violation is only prima facie or presumptive evidence of negligence which may be justified by evidence the motorist was in the exercise of reasonable care under the circumstances. Spry v. Lamont, supra, 257 Iowa 321, 332, 132 N.W.2d 446, 452, 453, and citations. Defendant admits the correctness of this as an abstract proposition.

We are not prepared to hold it was prejudicial error to overrule defendant's objection to instruction 6. To have required proof of a legal excuse for violation of section 321.298 would have placed a greater burden on defendant than to require a showing he was in the exercise of reasonable care under the circumstances. McMaster v. Hutchins, 255 Iowa 39, 47, 120 N.W.2d 509, 513.

Although instruction 6 does not mention the defense of act of God the jury was fully instructed with reference thereto in instruction 13, infra. It was not necessary to refer to the alleged act of God in instruction 6.

Precedents cited by defendant do not support a reversal based on this assigned error. Silvia v. Pennock, 253 Iowa 779, 113 N.W.2d 749, does not involve a violation of section 321.298 but of 321.297, requiring a motorist to travel on the right-hand side of the center of the street in cities and towns. A violation of 321.297 is negligence in the absence of a legal excuse therefor, not merely prima facie or presumptive evidence thereof which may be justified by the exercise of reasonable care under the circumstances. The court instructed that a violation of 321.297 constitutes negligence, with no reference in any instruction to legal excuse of which there was ample evidence applicable to both drivers. We held this was error.

Christenson v. Northwestern Bell Tel. Co., 222 Iowa 808, 811, 812, 270 N.W. 394, does involve violation of what is now section 321.298. The instruction merely quoted the statutory requirement, with no reference to the fact, recognized in the opinion, that a violation is "only prima facie evidence of negligence which might be overcome or explained." We held "giving of the instruction without further amplification or explanation was error." Defendant relies on language in the opinion that the complaint against the instruction which we held was well taken included its omission to refer "to a sudden emergency or excuse for the decedent's car being on the wrong side of the road." Nothing in the cited opinion is contrary to our holding here. Rich v. Herny is fully commented on in McMaster v. Hutchins, supra, 255 Iowa 39, 46, 47, 120 N.W.2d 509, 513.

III. Defendant's objections to instructions 10 and 13, considered separately and together, and refusal of his fourth requested instruction, are combined in a single division of his brief and so treated here.

The claim of error in refusing the requested instruction might properly be disposed of on the ground it is waived by failure to argue it. Rule 344(a)(4)(Third). The request defines act of God substantially in language approved in Oakes v. Peter Pan Bakers, Inc., supra, 258 Iowa 447, 454, 138 N.W.2d 93, 98, and citations, and says if the jury finds that immediately before the accident defendant's car was forced onto the east half of the highway by such act of God, without negligence of de-

fendant, the verdict should be for him. The substance of this request is contained in instruction 13 and its refusal was therefore not error. Shank v. Wilhite, 256 Iowa 982, 985, 129 N.W.2d 662, 664, and citations.

Instructions 10 and, especially, 13 are long—too long to be set out in full. They, like several other instructions, might well be more concise. Instruction 9 includes a definition of proximate cause and states plaintiff must prove by a preponderance of the evidence that defendant's negligence in a respect charged was a proximate cause of plaintiff's injuries.

Instruction 10 elaborates upon 9. It repeats the statement just referred to therefrom and adds that if something other than defendant's claimed negligence was the sole proximate cause of the accident plaintiff should not recover. It then says, in substance, that if defendant was negligent in a respect charged and an act of God, as later defined, occurred and defendant's negligence and such act concurred and combined to cause the accident, occurrence of the act of God would not itself prevent recovery. The final paragraph of instruction 10 states in another way what is previously said, adding that if plaintiff has also proved she was free from contributory negligence, defendant would be liable for plaintiff's injuries even though an act of God was a contributing and concurring cause but not the sole proximate cause. The instruction does not purport to cover defendant's affirmative defense but to explain proximate cause.

Instruction 13 deals with the affirmative defense of act of God. It properly places the burden on defendant to prove its occurrence and that it was the sole proximate cause of plaintiff's injury. As previously indicated, it then defines act of God substantially as defendant requested and as approved in Oakes v. Peter Pan Bakers, Inc., supra, 258 Iowa 447, 454, 138 N.W.2d 93, 98, and citations. The instruction proceeds to state defendant could not avail himself of the affirmative defense if plaintiff had proven by a preponderance of the evidence that her injuries were occasioned by defendant's negligence in a respect charged and said negligence was a proximate cause thereof. (This is repeated in a subsequent paragraph and twice improperly re-

quires proof by plaintiff that her injuries were "occasioned", and also proximately caused, by defendant's negligence.)

The subsequent paragraph of instruction 13 refers back to No. 10 and reminds the jury that two or more causes may concur and each be a proximate cause and if plaintiff has proved by a preponderance of the evidence defendant's alleged negligence was a proximate and concurring cause, defendant could not avail himself of the affirmative defense. (This is a repetition of the statement, supra, that follows the definition of act of God.) The final paragraph of No. 13 repeats what is said at the outset that the burden is upon defendant to prove an act of God occurred and it was the sole proximate cause and if defendant has so established this affirmative defense the jury should find for him.

Defendant's principal objection to instructions 10 and 13 taken separately and, especially, together is that they over-emphasize the matter of concurring causes and can be taken as argument against the affirmative defense. Precedents are cited for the settled proposition that instructions should not give undue emphasis to some phase of the case favorable to either side, and even correct statements of the law, if repeated to the point of such undue emphasis, may constitute reversible error. Clarke v. Hubbell, 249 Iowa 306, 316, 86 N.W.2d 905, 911, and citations; Mason v. Loyal Protective Life Ins. Co., 249 Iowa 1167, 1174, 91 N.W.2d 389, 393; Miller v. Town of Ankeny, 253 Iowa 1055, 1061, 114 N.W.2d 910, 913; Christensen v. Kelley, supra, 257 Iowa 1320, 1332, 135 N.W.2d 510, 517.

While we do not commend instructions 10 and 13 for use as models, we do not find they constitute reversible error in the respect mainly urged. Defendant frankly concedes the instructions are abstractly correct. Jurors frequently do not readily understand the distinction between proximate cause, sole proximate cause and concurring causes, and some repetition of these matters is proper.

Instructions 10 and 13 contain much less repetition than do the instructions as a whole in impressing it upon the jury that plaintiff had the burden to prove by a preponderance of the evidence the unadmitted allegations of her petition, each of the

four familiar propositions usually present in a negligence case, that defendant was negligent in at least one of the respects charged, each of the four specifications of negligence, proximate cause, freedom from contributory negligence and the damages resulting to her. We do not imply the instructions are improper because of this repetition although some of it, especially statements that plaintiff's burden was proof by a preponderance of the evidence, might have been omitted.

Attention may be called to instruction 13½ which states the laws recognize an unavoidable or inevitable accident, this simply denotes that the accident occurred without negligence as a cause, if this was such an accident defendant would not be liable.

See in connection with defendant's objections to instructions 10 and 13 Christensen v. Kelley, supra, 257 Iowa 1320, 1333, 135 N.W.2d 510, 517, 518, and citations.

We cannot accept defendant's argument there is no evidence any cause concurred with an act of God to cause the collision and instructions 10 and 13 are error upon this ground. Defendant thinks the sole cause of the accident was either the claimed act of God or his negligence, one or the other. We think a finding would be reasonably justified that the collision was caused in part by an act of God and in part by defendant's alleged negligence, of which there is substantial evidence.

IV. Defendant's claim the verdict of $70,000 is excessive is without merit. Few appeals have come here in recent years involving such serious and numerous personal injuries to one person.

Plaintiff is married and, as stated, was 45 when injured. She had enjoyed perfect health. Her pelvis was badly broken, one hipball went through the socket, both knees were fractured, part of a kneecap was missing, there was a compound fracture of the right ankle so the bones protruded, her collarbone was broken, five ribs were broken causing a puncture of a lung, there were compound fractures of the upper and lower jaws causing some deformity in her face, all upper and lower teeth were knocked out, her bladder was torn causing bloody urine and near failure of the kidneys for about 18 days, an injury to the

sciatic nerve caused a foot drop (she could not lift her foot), there were deep cuts on her face, under the chin, on her breast and limbs, she had numerous black-and-blue marks over her body and suffered a brain concussion. Her injuries have caused constant pain in her ankle, knees and left hip and frequent headaches and dizzy spells.

Plaintiff was first taken in critical condition and severe shock to a hospital in Iowa Falls where a local physician gave her emergency treatment. The next morning she was taken by ambulance, with a nurse, to University Hospital in Iowa City where she remained with special nurses four months and three days. The surgeon in charge of treating her testified plaintiff has traumatic arthritis, a permanent condition that has and will cause much pain; there is permanent deformity and instability of each knee which surgery probably would not correct; a fusion operation would help the broken ankle but leave it without motion. The witness was concerned about plaintiff's left hip, right ankle and knees. He estimated the permanent disability of her body function as a whole at 35 percent.

Treatment at the hospital (which was not air-conditioned) caused constant pain and discomfort. Plaintiff was in traction, left the hospital on crutches and used them until the spring of 1963 (nearly a year after the accident). At one time a string was put through her tongue so she would not swallow it. Total hospital, medical and drug expense was $8136.

After plaintiff returned home from the hospital it was weeks before she was able to do much. She tried but could not. Some days she is very depressed and has cried a lot. Before the accident she was cheerful and optimistic, with a lot of "pep." Her pastor, who lived next door, testified she was not the same person he knew before the accident.

We have pointed out many times that comparison of verdicts in different cases is not very helpful in determining the propriety of an award in a given case—each must be determined upon the evidence therein. Soreide v. Vilas & Co., 247 Iowa 1139, 1153, 78 N.W.2d 41, 50, and citations; Ferris v. Riley, 251 Iowa 400, 412, 101 N.W.2d 176, 183; Rauch v. American Rad. & Std. San. Corp., 252 Iowa 1, 16, 104 N.W.2d 607, 615,

616; Beyer v. City of Dubuque, 257 Iowa 476, 488, 489, 139 N.W.2d 428, 436.

Nevertheless we may say that plaintiff's injuries appear to be more serious than those in Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 717, 718, 107 N.W.2d 85, 92, which holds an award of $74,051 not excessive. Although the injuries in Rauch v. American Rad. & Std. San. Corp., supra, 252 Iowa 1, 16, 104 N.W.2d 607, 615, 616, were perhaps somewhat more serious than this plaintiff's, a verdict for $90,000 was there upheld.

■ The claim the verdict is excessive was presented to the trial court in defendant's motion for new trial and we give weight to its approval of the amount awarded. Shover case, supra; Fredrickson v. Heline, 252 Iowa 92, 94, 106 N.W.2d 74, 76, and citations; Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 414, 86 N.W.2d 822, 829, and citations. We find no adequate reason for us to hold the verdict is excessive.

The judgment is—Affirmed.

All JUSTICES concur.