Frederick H. DICKMAN, Appellant,

v.

TRUCK TRANSPORT, INC., and Virgil Thompson, Appellees.

No. 56701.

Supreme Court of Iowa.

Dec. 18, 1974.

Johnson, Oakley & Pfeffer, Clinton, for appellant.

Shaff, Farwell & Senneff, Clinton, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

Frederick Dickman instituted this law action to recover for personal injuries alleged to have been sustained as a result of a motor vehicle accident involving four automobiles and a 1965 GMC three-axle diesel and tanker type trailer. The tractor owned by defendant, Virgil Thompson, was being driven by him under lease to defendant, Truck Transport Inc., the owner of the trailer. Plaintiff was an occupant of one of the cars. The accident occurred shortly after 7 p. m. May 18, 1967, during a severe dust storm preceding heavy rains.

Thompson was traveling north on U.S. Highway 61 outside of the town of Welton toward Maquoketa in Clinton County. As Thompson approached the scene of the accident he was traveling 20 to 25 miles per hour. He was being followed by a 1958 Ford driven by Wallace Workman.

The road at the scene inclined slightly and had narrow, grass covered shoulders approximately four feet in width.

As defendant approached the scene, his visibility was reduced to virtually zero due to a sudden, unforewarned dust cloud. He stopped the tanker slowly in order to warn Workman. By the time the truck was stopped, defendant could see virtually nothing but stated the Ford stopped approximately fifty feet behind his truck. Defendant could not ascertain on what portion of the road his truck was parked, although he later discovered he was completely within his own lane of travel.

Defendant stated he was waiting in his truck for the visibility to improve when he felt the first impact. This was apparently when a Buick Riviera being driven north by Richard Hopkins struck the left rear portion of the tanker. The Riviera was most likely the first car to collide with the tanker as it had passed the Malamphy car earlier.

A short time later a car being driven south by Maurice Round collided with the left front end of the Riviera.

Finally, a car driven north by Max Malamphy apparently struck the Workman Ford from the rear pushing it into the rear of the tanker. Plaintiff was a passenger in the Malamphy car.

Defendant stated he could not see to move his truck, and that in any event did not dare to after the first impact for fear someone might be lying under the truck's wheels.

Plaintiff and three other men had finished golfing in Davenport and were driving home at the time of the accident. Plaintiff received facial injury, a broken arm and rib injuries.

All witnesses agreed that although they knew a storm was brewing, the dust storm came up suddenly with no forewarning and obliterated visibility. There was a plowed field to the west of the highway from which the dust apparently originated.

No one saw the truck lights save for Mr. and Mrs. Round and Mr. Workman. Defendant testified he turned on his lights somewhere around Welton and that when he began to stop switched on his emergency flashers. None of these precautions presumably would have done any good due, at the accident scene, to the intensity of the dust storm.

Plaintiff alleged in his petition seven particulars in which he asserted defendants were negligent. Six of these specifications dealt with alleged violations of statutory rules of the road, the other was based on the common law duty to exercise due care. In a separate paragraph he alleged defendants' negligence in one or more of the respects specified was the proximate cause of his injuries.

Defendants moved for leave to bring in new parties by way of cross-petition alleging that if they were held liable on plaintiff's claim Max Malamphy, Wallace Workman and R. V. Hopkins are liable to indemnify defendants and defendants will be entitled to judgment over against each of them as shown in the cross-petition attached to the motion. In the cross-petition

defendants asserted various specifications of negligence against each defendant to the cross-petition as a proximate cause of plaintiff's injuries. The court granted leave to bring in the new parties on cross-petition. However, defendants to the cross-petition joined by plaintiff, Frederick H. Dickman, later moved for severance and separate trial of the issues raised by defendants' cross-petition. The motion was granted.

Defendants in answer admitted ownership of the tractor and trailer and other preliminary matters. They denied each specification of negligence and in a separate paragraph denied any negligence of theirs was a proximate cause of plaintiff's injury. In a separate division defendants alleged as an affirmative defense that an unprecedented wind storm, coupled with dust, of unusual violence that occurred in the area of the collision which completely impaired the visibility of the drivers of all vehicles involved in the collision or collisions constituted an act of God that was the sole proximate cause of plaintiff's injuries. In an amendment defendants alleged as a separate division the doctrine of sudden emergency as an affirmative defense.

Trial to a jury resulted in a defendants' verdict.

Plaintiff's motion for new trial was overruled and he appeals from judgment entered on the jury's verdict.

Plaintiff sets out five issues he asks that we review. Four attack the court's instructions, one asserts he was denied a fair trial.

Before considering these issues it is important in order to understand the problems presented by this appeal to have in mind the circumstances which existed at the time the court was called upon to instruct the jury in light of the pleadings of the parties and the evidence received.

The court submitted three of the seven specifications of negligence alleged by plaintiff as a theory of recovery. All dealt with alleged violations of statutes regulating the law of the road. Two instructions

dealt with the duties of a motorist in stopping on the traveled way as set forth in section 321.354 and the third concerned defendant's duty to carry and display flares, reflectors or other signals as directed by section 321.447, The Code.

Examination of the record discloses substantial evidence which would not only justify the trial court's submission of the questions of defendants' violation of these statutes but would also support a finding defendants were negligent.

Since the decision in Kisling v. Thierman, 214 Iowa 911, 915, 243 N.W. 552, 554 in 1932, this court has consistently held that with the exception of violation of section 321.298 requiring vehicles meeting each other to give half the traveled way by turning to the right, which constitutes merely prima facie negligence, violation without legal excuse of other statutes regulating the law of the road is negligence per se or as a matter of law. City of Cedar Rapids v. Moses, 223 N.W.2d 263, 268 (Iowa 1974).

 Having generated a jury question as to defendants' negligence as a matter of law plaintiff then had the burden to prove direct causal connection between negligence of defendants in one or more of the respects submitted and the happening of the collision and the sustaining of his injuries. Defendants in answer had denied plaintiff's allegation in regard to proximate cause. Under such denial defendant might refute proof of this essential by offering evidence that negligence of a third party or parties was the sole proximate cause of Dickman's injuries. Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 642 (Iowa 1969).

 In this connection defendants offered evidence seeking to establish that either the negligence of Hopkins or Malamphy individually or in concurrence was the sole proximate cause of plaintiff's injuries. The question of proximate cause is generally for the jury save only in exceptional cases.

 In order for defendants to avoid a holding they were negligent as a matter of law in the event of a jury's finding defendants had violated these statutes they were required to offer proof excusing their failure to observe the legal standards set forth in the two statutes mentioned. Kisling v. Thierman, 214 Iowa at 915, 243 N.W. at 554; Wagaman v. Ryan, 258 Iowa 1352, 1359, 142 N.W.2d 413, 417.

Defendants also seek to avoid the rule announced in Kisling by asserting as an affirmative defense the dust and wind storm at the time and place of the accident constituted an act of God which was the sole proximate cause of plaintiff's injuries. In another division defendants asserted as a legal excuse for violation of these statutes the theory of sudden emergency.

With this background we consider such of the issues advanced by plaintiff as are essential to a determination of this appeal.

I. The first question raised is whether the court erred in giving instruction 11 over plaintiff's objection.

In instruction 11 the jury was told:

"I suggest that you first give consideration to the affirmative plea of Act of God made upon the part of the defendants. The burden is upon the defendants to establish such affirmative defense by the preponderance of the evidence, and if you find that they have done so, you need go no further with your deliberations insofar as awarding damages to the plaintiff is concerned."

Plaintiff made timely objection instruction 11 unduly emphasized defendants' theory of nonliability and invaded the jury's deliberative process by directing the order of consideration of issues, implying the jury could save time by deciding on that issue first.

Defendants counter that when one reads instruction 11 with all other instructions it does not unduly emphasize defendants' theory of defense. They point out instruction 2 charges the jury not to consider the order in which the instructions were given; instruction 10½ allows plaintiff to recover if

the jury found the Act of God and defendants' negligence were concurring proximate causes; and instruction 12 requires the act of God to be the sole proximate cause in order to be a defense. Defendants conclude these instructions demonstrate there was no undue emphasis.

■ Of course, a court may not unduly emphasize, by repetition or otherwise, issues, theories, defenses, particular evidence, specific or assumed facts, or burden of proof. See State v. Milliken, 204 N.W.2d 594, 596 (Iowa 1973); Rosenau v. City of Estherville, 199 N.W.2d 125, 133 (Iowa 1972).

■ Simply because the trial court recommended one issue should be decided first in and of itself does not unduly emphasize that issue. A court may instruct on deciding the issue of contributory negligence and its proximate cause before deciding a defendant's negligence. See Bauman v. City of Waverly, 164 N.W.2d 840, 845 (Iowa 1969).

■ All instructions given must be read and considered together and related to each other, not piecemeal or in artificial isolation. Leaders v. Dreher, 169 N.W.2d 570, 577 (Iowa 1969); Robeson v. Dilts, 170 N.W.2d 408, 414 (Iowa 1969); Berhow v. Kroack, 195 N.W.2d 379, 385 (Iowa 1972); Pose v. Roosevelt Hotel Company, 208 N.W.2d 19, 22 (Iowa 1973); Madison Silos, Div. of Martin Marietta Corp. v. Wassom, 215 N.W.2d 494, 501 (Iowa 1974); and authorities cited in these opinions.

■ When the instructions are read as a whole, and not piecemeal, the issue of act of God is not overemphasized by the inclusion of this instruction, or through the court's somewhat frequent reference to the theory as plaintiff stresses in his third issue presented on appeal.

Practically every witness testified the dust storm came upon them suddenly and without forewarning. The issue raised by defendants' contention that the collision was due to an act of God became important in the trial of this lawsuit.

The trial court mentioned this defense in instruction 1, which was the statement of the case. It also mentioned plaintiff's theory defendants were negligent in stopping on the highway.

Instruction 9 discussed plaintiff's burden of proof on issue of defendants' negligence, and then stated if plaintiff established this by a preponderance of the evidence and defendants failed to prove the act of God defense, then plaintiff should recover. Finally, the instruction directed if plaintiff did not so establish but defendants did establish an act of God defense, then verdict should be for defendants.

Instruction 10½ directed the jury to find for defendants if defendants' negligence was not proved to be the sole or concurring proximate cause. Again, the instruction stated defendants' affirmative defense was the dust storm as an act of God.

Instruction 12 outlined defendants' burden of proof to establish his affirmative defense and defined act of God.

Instruction 13 stated if the act of God were not the sole proximate cause, then the jury was to determine defendants' negligence and whether it was a proximate cause. The dust storm could be considered as a factor to defendants' negligence.

Instructions 14 through 18 outlined plaintiff's contentions of defendants' negligence and the law involved.

In Robeson v. Dilts, 170 N.W.2d at 414, it is said, instructions "should thoroughly and fully present the issues to the jury so that body will have a proper understanding of the law to be applied in reaching a verdict. * * * [citing authorities]."

When considered in light of the foregoing principles neither instruction 11 taken alone nor all the other instructions given are vulnerable to plaintiff's objection instruction 11 with undue emphasis channeled the jury's deliberation and the instructions generally gave undue prominence or emphasis

to defendants' theory of defense based upon an alleged act of God.

Plaintiff, of course, is limited in this court to a consideration of those challenges made and properly preserved in the trial court as required by rule 196, Rules of Civil Procedure, since no consideration is given to an attack first made in this court.

Plaintiff's attack urged in his first assignment as well as his contention asserted in his third assignment the court erred by giving undue prominence or emphasis to defendants' defense of act of God in its instructions to the jury are not subject to defendants' challenges as made in the trial court. Therefore, both are without merit.

II. Plaintiff next contends instructions 12 and 13 dealing with the act of God defense are inconsistent and misstate the law. He admits instruction 12 is a correct statement of the law and does not question the applicability of this defense to the factual situation presented here. However, defendant argues instruction 13 misstates the law of act of God and is inconsistent with instruction 12. Instruction 13 reads:

"In event you have not determined that the negligence of the defendants, if any, is submerged or overridden by the Act of God to the extent that it is the sole proximate cause of the accident and resultant damages, then you shall continue to determine whether the plaintiff has established the propositions set forth in Instruction No. 9 by the greater weight or preponderance of the evidence.

"In turning aside from the affirmative defense of Act of God, you may still give consideration to the dust storm and its proportions as a circumstance bearing upon the question of whether or not the defendant driver under the circumstances then existing was guilty of negligence as hereinafter specified and exercised ordinary care as set forth in Instruction No. 3."

Instruction 12 told the jury defendants had the burden of proving by a preponderance of the evidence the following proposi-

tions in connection with their affirmative defense of act of God: (1) that the act of God in fact occurred and (2) that said act of God was the sole proximate cause of plaintiff's injuries and damages. See Naxera v. Wathan, 159 N.W.2d 513, 517 (Iowa 1968) and authorities cited; Wagaman v. Ryan, 258 Iowa at 1361, 142 N.W.2d at 418–419. This instruction then proceeds to define an act of God. As stated, no objection was directed against this instruction.

Plaintiff complained at trial instruction 13 misstates the law to the extent it leaves the jury with the impression it could find defendants negligent but still find for defendants on the basis of upholding the defense of act of God. Plaintiff specifically objected to the use of the words "submerged" or "overridden" in the instruction.

This is substantially the objection made by plaintiff in the trial court as shown by the record. It is the only one which will be considered in connection with this issue. Dutcher v. Lewis, 221 N.W.2d 755, 758 (Iowa 1974).

Assuming the instruction gives the impression which plaintiff insists it does, it is not open to the challenge of being an incorrect statement of the law as plaintiff maintains.

A jury could find defendants negligent as a matter of law by reason of the driver's conduct in stopping on the highway in violation of section 321.354 or by reason of his failure to carry and display flares, reflectors or other signals as required by section 321.447, The Code, or by both, but nevertheless find for defendants if convinced defendants had sustained their burden of establishing by a preponderance of the evidence the act of God in fact occurred and said act of God was the sole proximate cause of plaintiff's injuries and damages.

In the event the jury found the act of God to be the sole proximate cause of the collision and plaintiff's injuries it necessarily follows its finding defendants were negligent would be irrelevant since there would

be an absence of some causal connection between defendants' negligence and the injury. Frederick v. Goff, 251 Iowa 290, 297, 100 N.W.2d 624, 628; Adams v. Deur, 173 N.W.2d 100, 111 (Iowa 1969); Pacific Indemnity Company v. Rathje, 188 N.W.2d 338, 341 (Iowa 1971). The jury would thus be warranted in returning a defendants' verdict.

Plaintiff failed to make the trial court aware of why he objected to the use of the words "submerged" or "overridden."

The second paragraph of instruction 13 was proper in view of defendants' contention their negligence in violating sections 321.354 and 321.447 was excused by the doctrine of sudden emergency as alleged in amendment to their answer. We point out that where the factual situation warrants giving an instruction on legal excuse it is not necessary in order to have the doctrine considered and instructed upon that it be pleaded. Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d at 643.

One of the four recognized legal excuses is the existence of something over which the driver had no control which placed his vehicle in a position contrary to statute. Wagaman v. Ryan, 258 Iowa at 1359, 142 N.W.2d at 417; Gibbs v. Wilmeth, 261 Iowa 1015, 1020, 157 N.W.2d 93, 96. An emergency has been defined in Young v. Hendricks, 226 Iowa 211, 215, 283 N.W. 895, 898; Brown v. Guiter, 256 Iowa 671, 678, 128 N.W.2d 896, 901; Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 458, 138 N.W.2d 93, 100; Baker v. Wolfe, 164 N.W.2d 835, 839 (Iowa 1969).

Sudden emergency excuses conduct which would otherwise be negligent. The doctrine concerns the issue of negligence whereas the theory of act of God deals with the question of proximate cause.

Instruction 18, which is a verbatim statement of Uniform Instruction 5.4, told the jury that, "When one is confronted with a sudden emergency, not brought about by his own fault, and because thereof is re-quired to act upon the impulse of the moment without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Under such circumstances he is required to act only as an ordinarily, careful and prudent person would act when suddenly placed in a similar position, and if he so acts he would not be negligent."

The second paragraph of instruction 13 advised the jury that in determining the question whether defendant driver had acted as an ordinarily prudent person under the circumstances it could consider the dust storm and its proportions as a circumstance bearing on that question.

III. The fourth issue presented for review is whether the court erred by instructing on the negligence of Malamphy, the driver of the car in which plaintiff was riding, and the negligence of Hopkins, driver of the Buick Riviera, over plaintiff's objection.

Plaintiff objected at trial that the question of negligence of Malampy or Hopkins who were defendants to a cross-petition filed by Truck Transport and Thompson was not an issue in this case. It will be recalled defendants moved for leave to bring in these persons by way of cross-petition which was granted but severed for separate trial.

Instruction 19 defines the "assured clear distance ahead" doctrine and applies it to these two drivers.

Instruction 20 sets forth defendants' contention the negligence of Malampy or Hopkins was the sole proximate cause of plaintiff's injuries. It also directs the jury on how to deal with the alleged negligence of defendant driver and Hopkins and Malamphy.

Plaintiff contends since neither Malamphy's nor Hopkins' negligence was pleaded in defendants' answer or in an amendment to the answer and since there was no re-

quest for such instructions, they were erroneously submitted. The prejudice involved is plaintiff could not anticipate this issue and conducted his case accordingly.

Instruction 20 told the jury plaintiff had the burden to establish by a preponderance of the evidence defendants' negligence in one or more of the particulars alleged by him was a proximate cause of the accident and resulting injuries to plaintiff.

In response to plaintiff's contention negligence of Malamphy or Hopkins was not pleaded in answer we hold the opponent is not required to specifically allege in his responsive pleading negligence of a third party or parties was the sole proximate cause of plaintiff's injury in order to rely on that defense but may properly introduce evidence that negligence of a third party or parties was in fact the sole proximate cause of plaintiff's injuries under a general denial. Mora v. Savereid, 222 N.W.2d 417, 421 (Iowa 1974) and authorities cited.

Plaintiff under the court's instruction had the burden to prove some negligence of defendants was a proximate cause of his injuries in order to recover. In resisting plaintiff's evidence offered to sustain this burden defendants had the right under their general denial to introduce evidence of a third party's negligence being the sole proximate cause of plaintiff's injuries.

For this purpose the question of the negligence of Malamphy or Hopkins or both was put in issue.

The trial court did not err in giving instructions 19 or 20. Plaintiff's contentions to the contrary cannot be sustained.

Plaintiff was not denied a fair trial.

The case is therefore—affirmed.