Theodore CROW, Jr., and Theodore
Crow, Sr., Appellees,

v.

Frederick WELLER and Carnation
Company, Appellants.

No. 54792.

Supreme Court of Iowa.

May 11, 1972.

Laird, Burington, Bovard & Heiny, Mason City, for appellants.

Keith, Gallagher, Lybbert & Martin, Waterloo, Warren L. DeVries, Mason City, and Kevin C. McGuire, Cresco, for appellees.

REES, Justice.

Defendants Frederick Weller and Carnation Company have appealed from judgments rendered on jury verdicts of $39,000 in favor of plaintiff Theodore Crow, Jr. and $5,000 in favor of plaintiff Theodore Crow, Sr., for personal injuries sustained by Theodore Crow, Jr., in a head-on collision of automobiles. The judgment in favor of Theodore Crow, Sr. is for loss of services and medical bills advanced by him on behalf of his minor son, Theodore Crow, Jr.

The collision involved a 1963 Chevrolet Corvair leased by Theodore Crow, Sr., driven by a second son, Gerald, in which the plaintiff Theodore Crow, Jr. was riding as a passenger, and a tractor pulling two trailers owned by defendant Carnation Company and driven by defendant Weller. The collision occurred about 11 P.M. on August 22, 1965 on a straight stretch of highway # 18, approximately one and one-half miles east of Nora Springs in Floyd County. Theodore Crow, Jr. was sleeping in the back seat of the Chevrolet automobile at the time of the accident. The driver of the Chevrolet, Gerald Crow, sustained a head injury and an injury to his arm in the accident, and at the time of trial had no memory as to how the accident happened.

It was the contention of plaintiffs that defendant Weller drove his eastbound truck and trailer combination across the centerline of the highway into the northern half of the traveled portion of the highway and directly into the path of the westbound Crow vehicle.

In their petition plaintiffs alleged defendant Weller, at the time and place of the accident, was negligent in:

(1) failing to keep a proper lookout;

(2) in failing to have his vehicle under control;

(3) failing to yield one-half of the traveled portion of the highway by turning to the right when meeting the vehicle occupied by the plaintiff Theodore Crow, Jr., and

(4) turning said vehicle from a direct course upon the highway when such movement could not be made with reasonable safety.

All four specifications of negligence were submitted to the jury. The only error asserted by defendants justifying reversal is with respect to the giving of instruction designated as "No. 10" and in which the court purported to instruct the jury with relation to the fourth specification of negligence. A second error which was directed to the court's overruling objections to the introduction of certain testimony was withdrawn or waived by defendants at the time of the oral argument of this case.

In the instruction complained of (Instruction No. 10), the court said:

"The plaintiffs hereto further allege that the defendants were negligent in the following particulars:

"In turning said vehicle from a direct course upon the highway when such movement could not be made with reasonable safety.

"The laws of Iowa provide that no person shall turn a motor vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn.

"A failure to comply with this provision of law constitutes negligence."

It is noted instruction No. 10 contains language quoted from section 321.314, Code, 1962, without reference to the statute. Section 321.314, in reality, lays down standards of conduct in three possible fact situations:

1. It provides that no person shall turn a vehicle from a direct course upon a high-

way unless and until such movements can be made with reasonable safety.

2. It further provides that such turn shall be made when the movement from a direct course can be made with reasonable safety and only after giving a clearly audible signal by sounding the horn *if any pedestrian may be affected by such movement.*

3. A vehicle may be turned from a direct course upon a highway if another vehicle is involved only after a signal is made by the operator of the vehicle in the manner provided for in section 321.315, The Code.

The record here does not disclose the presence of any pedestrian on the highway or at any place proximate thereto at or prior to the happening of the collision in this case.

I. We are persuaded the inclusion in instruction No. 10 of the language advising the jury that it was obligatory for any person turning a motor vehicle from a direct course upon a highway to first give a clearly audible signal by sounding the horn is error necessitating reversal. It is noted the court did not include in instruction No. 10 the third portion or part of section 321.314 of the Code, requiring signal when another vehicle is involved. The jury was instructed flatly that a failure to comply with such a provision of the statute as is referred to in instruction 10 would constitute negligence.

The appellees concede in their brief and argument that the issue of the sounding of the horn should not have been submitted to the jury, but go on to state that assuming the portion of the instruction was erroneous, it was without prejudice. We are unable to accept this view.

Plaintiffs rely on Wagaman v. Ryan, 258 Iowa 1352, 142 N.W.2d 413. In *Wagaman* a similar situation was presented to the court, and an instruction embodying portions of section 321.314 was submitted to the jury without reference to the requirement for sounding a horn. It was the contention of the appellant in *Wagaman* that the jury should not have been instructed as to the conduct proscribed by section 321.314 in addition to that proscribed by section 321.298 which provides that persons in motor vehicles meeting each other upon the public highway shall give one-half of the traveled way thereof by turning to the right. In passing upon this consideration, this court said, in *Wagaman:*

"It may be conceded section 321.314 is primarily designed to apply to a motorist who intends to and does turn his vehicle from a direct course upon a highway, usually at an intersection or driveway. But we are not prepared to hold the statute does not apply to such a case as this even in the absence of affirmative evidence of an intent to turn."

258 Iowa at 1357, 142 N.W.2d at 416.

We feel it unnecessary to belabor this question further. Clearly, in the absence of a showing that any pedestrian would have been affected by the operation of defendants' vehicle the inclusion in instruction 10 of the requirement for the defendant to give audible signal by sounding a horn imposed a burden on the defendants which the record did not justify.

This case is, therefore, reversed and remanded.

Reversed and remanded.

All Justices concur, except Mc-CORMICK, J., who takes no part.