Steven **SPONSLER**, Appellant,

v.

**CLARKE ELECTRIC COOPERATIVE, INC.,** Appellee.

No. 66563.

Supreme Court of Iowa.

Feb. 16, 1983.

Delbert C. Binford of Binford & Dopf, P.C., Des Moines, for appellant.

Fred L. Dorr of Wasker, Sullivan & Ward, Des Moines, for appellee.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

The questions here are whether this court should abolish the doctrine of sole proximate cause as an affirmative defense and whether the trial court unduly emphasized the defense in its jury instructions. We decline to abolish the defense and find no error in the instructions. We therefore affirm the trial court.

Plaintiff Steven Sponsler appeals from judgment entered on a jury verdict for defendant Clarke Electric Cooperative, Inc. The case arose from an electrical accident which occurred while plaintiff was working for Wayne County on a bridge repair job. Plaintiff was underneath a crane attempting to make some repairs when his supervisor raised the boom into an electric transmission line, causing plaintiff to receive severe electrical burns.

The action against defendant was predicated on alleged negligence in placement of the line, lack of insulation, failure to warn of the danger, and the statutory presumption in section 478.16 of the Iowa Code (1981). In addition to denying plaintiff's allegations, defendant urged a defense that the sole proximate cause of the accident was negligence of Wayne County or its employee, plaintiff's supervisor. Defendant introduced evidence of several alleged breaches of duty by the county and the supervisor, and plaintiff admitted those parties were negligent. Plaintiff objected, however, both to the evidence and to the

court's instructions on the sole proximate cause defense. He contended the evidence was irrelevant to the essentials of his claim against defendant, and he asserted the instructions unduly emphasized the defense. The court overruled his objections, and, after the adverse judgment, he appealed.

I. *The sole proximate cause defense.* The sole proximate cause defense has long been recognized in Iowa. *See, e.g., Johnson v. McVicker,* 216 Iowa 654, 658, 247 N.W. 488, 490 (1933). A plaintiff has the burden to prove the requisite causal connection between the defendant's alleged negligence and the injury, but when the defendant asserts that a third party's conduct or an independent event was the sole proximate cause of the accident, the defendant has the burden of proof on the defense. *McMaster v. Hutchins,* 255 Iowa 39, 43, 120 N.W.2d 509, 511 (1963). The defense is available even when a third party alleged to be responsible for the injury is not joined in the case. *Six v. Freshour,* 231 N.W.2d 588, 593 (Iowa 1975). It is also available even when not pleaded. *Adam v. T.I.P. Rural Electric Cooperative,* 271 N.W.2d 896, 902 (Iowa 1978).

The sole proximate cause defense is not limited to situations of alleged negligent conduct by third parties. Any event not chargeable to the defendant that constitutes the sole proximate cause of the injury will, of course, insulate the defendant from liability. The doctrine of "Act of God" is an additional example of the defense. *See Dickman v. Truck Transport, Inc.,* 224 N.W.2d 459, 465 (Iowa 1974).

Instructing the jury on the defense is part of the trial court's obligation to instruct the jury on a party's theory of the case. We have held this extends to instructing on the specific allegations of a third party's breach of duty. *See Adam v. T.I.P. Rural Electric Cooperative,* 271 N.W.2d at 901. The defense does not totally inhere in the plaintiff's burden to prove proximate cause. It introduces an issue of a third party's conduct or a separate event into the case. This is why the defendant

bears the burden of proof on the defense. *Id.* at 902. This is also why cases in which the defense is based on the plaintiff's conduct are distinguishable. *See Teeling v. Heles,* 195 N.W.2d 704 (Iowa 1972); *Lang v. Siddall,* 218 Iowa 263, 254 N.W. 783 (1934). Because the sole proximate cause defense is not subsumed in the plaintiff's burden to prove proximate causation, we adhere to our cases holding that a defendant is entitled to have the jury instructed on it when substantial evidence supports it.

II. *The instructions in this case.* In one instruction the court informed the jury generally of the doctrine of sole proximate cause and its effect as a bar to recovery. In a separate instruction the court set out defendant's allegations of negligence against the third parties and repeated its statement that, if established, the defense would bar recovery. Plaintiff contends the instructions were repetitious and unduly emphasized the defense.

Standards for determining whether instructions give prejudicial emphasis to one aspect of the case are discussed in *Manley v. O'Brien County Rural Electric Cooperative,* 267 N.W.2d 39, 44 (Iowa 1978), and *Dickman v. Truck Transport, Inc.,* 224 N.W.2d 459, 464 (Iowa 1974). Some repetition is inevitable and warranted. *Wagaman v. Ryan,* 258 Iowa 1352, 1362, 142 N.W.2d 413, 419 (1966).

In this case the best and shortest answer to plaintiff's contention is that the trial court did substantially what this court said should be done in submitting the defense. *See Adam v. T.I.P. Rural Electric Cooperative,* 271 N.W.2d 896, 901 (Iowa 1978). Considering the instructions as a whole, we find the defense was not unduly emphasized.

AFFIRMED.