**Robert KLEIN and Jeannie Klein, Plaintiffs–Appellants,**

v.

**CITY OF KEOKUK, Iowa, Defendant–Appellee,**

Scott Fehseke, Defendant.

No. 87–409.

Court of Appeals of Iowa.

Jan. 26, 1989.

Craig D. Warner of Aspelmeier, Fisch, Power, Warner & Fingberg, Burlington, for plaintiffs-appellants.

Steven S. Hoth of Hirsch, Adams, Hoth & Krekel, Burlington, for defendants.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

When the plaintiffs filed their action in the district court, they divided their petition

into three divisions so as to claim relief against the city under division I for a decree abating a nuisance allegedly created by the city and for a money judgment because of damages caused by such nuisance and under division II for a money judgment because of damages allegedly caused by negligent acts of the city. Each of these divisions prayed for further equitable relief. The third division urged a claim against the city engineer, Scott Fehseke. That division was dismissed by the trial court and is not a part of this appeal.

The trial court held for the plaintiffs under division I to the extent that a mandatory injunction was to issue requiring the city to install a curb. In addition, under division I the plaintiffs were awarded judgment against the city for $750 based on the nuisance count of that division, i.e., the diversion of "additional precipitation runoff from the First Street cul-de-sac down plaintiffs' ramp onto their patio terrace." The trial court denied plaintiffs' claim under their negligence theory and accordingly dismissed division II.

Plaintiffs, Robert and Jeannie Klein, appeal that part of the district court's decision denying them damages under their theory of negligence. They argue the district court erred 1) in applying an incorrect standard "of the substantial factor test" to determine proximate cause; 2) in making several factual findings; and 3) in finding the plaintiffs had not proven proximate cause. We affirm.

On March 4, 1985, a mud slide occurred on the plaintiffs' property. Plaintiffs' home faces west directly off the Mississippi River; the patio overlooks a steep bluff on which the mud slide occurred. The plaintiffs asserted the defendant city's negligence was the proximate cause of the mud slide and that they should be compensated for the loss of their home. Plaintiffs further argue construction on the street next to their home caused additional run-off of water onto their land which triggered the mud slide.

Even though division II is a claim that seeks a money judgment for negligent acts, the entire cause was tried as a matter in equity. The trial court did not rule on objections; and with the apparent consent of counsel, referred to the entire proceedings as equitable in nature. In addition, the appellants and appellee in their briefs take the position that the entire proceedings are in equity. Since the result we reach would be the same whether reviewed in law or in equity, we will treat this cause on appeal as one in equity. Accordingly, our review is de novo. Iowa R.App.P. 4.

As it relates to plaintiffs' negligence claim against the city and the trial court's finding that the plaintiffs failed to carry their burden of proof of proximate cause, the trial court in its findings stated:

The plaintiffs' second theory of recovery against the city is based upon resurfacing work which the city performed in 1975 in the First Street cul-de-sac. During the course of that project, the city raised and reshaped the cul-de-sac surface and removed a catch basin. It also placed a curb along much of the river side of First Street.

Plaintiffs alleged that this project negligently diverted additional runoff down a concrete ramp onto their patio and terraces. Plaintiffs contend that this increased runoff proximately caused the March 4, 1985, mud slide.

Through its witnesses, the city more or less conceded that the 1975 work diverted some additional runoff onto plaintiffs' patio and terraces. The city, however, denies that the additional runoff proximately caused the mud slide and it affirmatively contends that the mud slide was an "act of God."

As with the first theory of negligence, it is clear the mud slide damaged plaintiffs' home. The preliminary fighting issue, however, is whether the additional runoff occasioned by the city's 1975 reconstruction of the cul-de-sac was a "proximate cause" of the mud slide on March 4, 1985.

The plaintiffs in their brief stated:

On plaintiffs' negligence count the trial court did not decide whether the city was negligent, but found the issue to be whether the additional runoff occasioned

by the 1975 reconstruction of the cul-de-sac was a proximate cause of the mud slide of March 4, 1985. The trial court did correctly state that in order for there to be a "proximate cause" of the mud slide, the 1975 construction work must have been a "substantial factor" in bringing about the mud slide. As will be discussed below, the trial court then proceeded to make a number of erroneous factual findings to support its conclusion that there was not "proximate cause." These erroneous findings conflict with what the trial court inferentially found, but did not state, when it found plaintiffs had carried their burden of proof entitling them to an injunction abating the nuisance.

The Kleins then assert the trial court applied the substantial factor test in the wrong sense. They argue a "substantial factor" implies responsibility. *See Montgomery Properties v. Economy Forms*, 305 N.W.2d 470 (Iowa 1981). We agree with the implication. However, we disagree that the trial court erred in this regard.

■ Plaintiffs claimed the city's 1975 construction project diverted additional water onto their property and that this water was the proximate cause of the mud slide which damaged the Kleins' property. The record reflects, however, that the mud slide was triggered by the heavy rainfall which occurred almost simultaneously with the mud slide. The trial court concluded that the plaintiffs had failed to prove causation.

Plaintiffs rely heavily on the Restatement (Second) of Torts, section 341, comment (a) at 429 and cited to approvingly by the Iowa Supreme Court in *Pedersen v. Kuhr*, 201 N.W.2d 711, 713 (Iowa 1972):

In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. * * * [T]his is necessary but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in pro-ducing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' *yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.*

(Emphasis added.) The record more than substantially reflects that the amount of water diverted onto the plaintiffs' property by the 1975 construction project was minimal. In addition, expert for the city, Larry Davidson, opined that saturation of the plaintiffs' property was also caused in part by rain water diverted onto the mud slide area from the downspouts attached to the Kleins' house. Our review of the record brings us to the same conclusion as that reached by the trial court that the plaintiffs failed to meet their burden of proof regarding causation.

■ We also agree with the trial court when it, as an aside, found that the defendants had established their affirmative defense of "act of God." For the defendants to prevail on this theory, they must establish by a preponderance of the evidence: (1) that the act of God in fact occurred; and (2) that the "act of God" was the sole proximate cause of plaintiffs' injuries. *Dickman v. Truck Transport, Inc.*, 224 N.W.2d 459, 465 (Iowa 1974).

It has been held that "any event not chargeable to the defendant that constitutes the sole proximate cause of the injury will ... insulate the defendant from liability." *Sponsler v. Clark Electric Cooperative Inc.*, 329 N.W.2d 663, 665 (Iowa 1983). The doctrine of "act of God" is an example of this type of defense.

The supreme court in *Staples v. City of Spencer*, 222 Iowa 1241, 1244, 271 N.W. 200, 202 (1937), stated:

The feebleness of human agencies and efforts in attempting to cope with the power of the elements is recognized by all courts and is aptly described by the

late Justice Evans in his inimitable style in the *Ritchie [v. City of Des Moines]* case, supra, 211 Iowa 1026, at page 1035, 233 N.W. 43, 47 [ (1930) ], in these words, "Extreme weather conditions in this climate are inevitable.... They may overcome municipalities and render puny the highest efforts at due care. When such natural conditions operate to foil human obligations of duty, they are usually deemed in law [as] 'acts of God.' All that human effort can do is to follow in the wake of the storm and mend the wreckage where it may."

The supreme court in *Oakes v. Peter Pan Bakers Inc.*, 138 N.W.2d 93, 98 (Iowa 1965), stated:

> An act of God may not be unprecedented in the sense that nothing like it ever occurred before. 1 Am.Jur.2d, Act of God, § 3, p. 678, accurately states that what we think is the prevailing rule:
>
>> The rule of exemption from liability for loss, where the loss is the result of an "act of God," is founded upon reason and justice that one should not be held responsible for that which he could not have reasonably anticipated, and could not have taken reasonable precautions to guard against. Accordingly, it is said that an act of God, as the term is known to the law, is such an unusual and extraordinary manifestation of the forces of nature that it could not under normal conditions have been anticipated or expected. However, the occurrence need not be unprecedented.... If it could not have been anticipated or expected under normal conditions, that is sufficient.
>>
>> The question of precedent, therefore, relates to the matter of reasonable anticipation and opportunity to avert the consequences and it is in that sense that the term "unprecedented" is used with regard to the nature of the catastrophe.
>
> Ibid., § 5, pp. 6, 7, 9, 680, adds, "Extreme weather conditions, though inevitable in the locality involved, which operate to foil human obligations of duty are usually deemed in law to be acts of God."

*Ritchie v. City of Des Moines*, 211 Iowa 1026, 1035, 233 N.W. 43, 47 (1930); *Staples v. City of Spencer*, 222 Iowa 1241, 1244, 271 N.W. 200, 202 (1937).

The mud slide that occurred here is one of thirteen similar landslides that occurred on March 5, 1985, at the time of the sixth largest rainstorm in a twenty-four-hour recorded history of Keokuk.

If the question of act of God came to us on error (at law), we would find substantial evidence in the record to support the finding of the trial court. Since we have determined to review this de novo, we find the record supports the conclusion that the defendant has proven by a preponderance of the evidence that it was an act of God that was the sole proximate cause of plaintiffs' damages.

The plaintiffs direct our attention to a number of instances where they claim the trial court made erroneous factual findings. We have agreed to review this cause de novo and, as such, we find the facts anew. Review of cases tried in equity is de novo, and although we are not bound by the trial court's findings, we will give them weight, especially when credibility of witnesses is involved. Iowa R.App.P. 4, 14(f)(7); *Williams v. Hair Stadium, Inc.*, 334 N.W. 2d 354 (Iowa 1983).

Our review of the record brings us to the same conclusion as that reached by the trial court. Accordingly, we affirm.

AFFIRMED.