Anthony James **CHUMBLEY**,
Plaintiff/Appellant,

v.

**DREIS AND KRUMP MANU-
FACTURING COMPANY,**
Defendant/Appellee.

No. 92–1273.

Court of Appeals of Iowa.

Aug. 6, 1993.

Robert A. Burnett, Jr., Des Moines, for appellant.

Gene R. Krekel and H. Craig Miller of Hirsch, Adams, Krekel, Putnam & Cahill, Burlington, for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN, J., and McCARTNEY, Senior Judge.*

HAYDEN, Judge.

On July 19, 1988, Tony Chumbley applied for, and began, work at Fairplay Scoreboards (Fairplay) in Des Moines. Fairplay manufactures athletic event scoreboards. On his third night of employment with Fairplay, Chumbley operated a multipurpose press brake for the first time. The machine was manufactured by defendant, Dreis & Krump Manufacturing (Dreis & Krump). Chumbley successfully operated the machine for forty minutes. Then the ram was activated while Chumbley's left hand was in the point of operation. The machine severed his fingers.

Fairplay was using the machine to put angle bends in sheet metal. The machine works by placing sheet metal in a V-die bed and then descending a ram into the die, thereby bending the metal to the angle of the die.

At the time Fairplay purchased the press brake from Dreis & Krump the ram could be activated, at the option of the operator, by either a foot treadle or an electrical foot pedal. Dreis & Krump offered dual palm controls as an option. Fairplay, however, did not purchase the palm controls. On the date of Chumbley's accident, the machine was equipped with an operator's cage and hand

---

* Senior judge from the 2nd judicial district serving on this court by order of the Iowa Supreme

Court.

tools that would have prevented a worker from placing his hand in the point of operation. Fairplay did not use these safety devices, and Chumbley was not instructed on their use. The machine had no point-of-operation guard or protection device. Chumbley was not provided any formal safety training, nor was he given a safety manual or directed to the warning sign located on the front of the press brake.

Chumbley brought suit against Dreis & Krump, alleging it was negligent in the design of the press brake. Dreis & Krump contended Chumbley's injuries were solely caused by Fairplay and their failure to incorporate safety devices on the press brake, their failure to properly train and supervise Chumbley, and their failure to provide a safe work place. In the alternative, Dreis & Krump contended Chumbley's injuries were caused by his own negligence. The matter proceeded to a jury trial.

Over Chumbley's objection, the court gave a sole proximate cause instruction to the jury. The court instructed the jury if it found Fairplay was the sole proximate cause of Chumbley's injuries, then it must find Dreis & Krump's fault, if any, was not a proximate cause of the injuries.

The jury found Dreis & Krump at fault; however, it also found Dreis & Krump's fault was not a proximate cause of Chumbley's injuries. Accordingly, the court entered judgment in favor of Dreis & Krump.

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4.

Chumbley appeals, contending the district court erred in giving the following instruction on sole proximate cause to the jury:

The Defendant claims the sole proximate cause of the Plaintiff's damages was the conduct of the Plaintiff's employer. Sole proximate cause means the only proximate cause. In order to prove this defense, the Defendant must prove both of the following propositions:

1. The conduct of plaintiff's employer occurred.

2. The conduct of plaintiff's employer was the only proximate cause of plaintiff's damages.

If the Defendant has failed to prove either of these propositions, Defendant has failed to prove the defense of sole proximate cause. If the Defendant has proved both of these propositions, the Defendant has proved the defense of sole proximate cause and you must find that the fault of the Defendant, if any, was not a proximate cause of Plaintiff's damages when you answer the special verdicts.

More specifically, Chumbley argues the district court erred in instructing the jury an employer's negligence can be the sole proximate cause of injury in a products liability action brought by an injured employee against a manufacturer.

The Iowa Supreme Court stated in *Sponsler v. Clarke Electric Cooperative, Inc.:* "The sole proximate cause defense has long been recognized in Iowa." *Sponsler v. Clarke Elec. Coop., Inc.,* 329 N.W.2d 663, 665 (Iowa 1983) (citing *Johnson v. McVicker,* 216 Iowa 654, 658, 247 N.W. 488, 490 (1933)). The court reaffirmed its support for this defense in *Renze Hybrids, Inc. v. Shell Oil Company,* 418 N.W.2d 634, 641–42 (Iowa 1988).

In *Sponsler* the plaintiff brought a personal injury action against an electrical utility company. *Sponsler,* 329 N.W.2d at 664. As an employee of Wayne County, plaintiff was repairing a bridge when he was injured. *Id.* His supervisor raised the boom of a crane into an electrical transmission line, causing plaintiff to receive electrical burns. *Id.* Plaintiff alleged defendant was negligent in the placement of an electric transmission line. *Sponsler,* 329 N.W.2d at 664. The utility company argued the negligence of plaintiff's employer was the sole proximate cause of the injuries suffered by plaintiff. *Id.* The jury returned a verdict in favor of defendant, and plaintiff appealed. *Id.* at 665. The Iowa Supreme Court affirmed the trial court's sole proximate cause instruction, and the trial court's decision. *Id.* The supreme court held the defense of sole proximate causes is available even when a third party alleged to be responsible for the injuries is not joined in the case. *Id.* (citing *Six v. Freshour,* 231 N.W.2d 588, 593 (Iowa 1975)).

The Iowa Supreme Court has established the standards associated with the sole proximate cause defense:

> A plaintiff has the burden to prove the requisite causal connections between the defendant's alleged negligence and the injury, but when the defendant asserts that a third party's conduct or an independent event was the sole proximate cause of the accident, the defendant has the burden of proof on the defense. *McMaster v. Hutchins*, 255 Iowa 39, 43, 120 N.W.2d 509, 511 (1963).

*Sponsler*, 329 N.W.2d at 665. Dreis & Krump alleged the conduct of Chumbley's employer was the sole proximate cause of plaintiff's injuries. Dreis & Krump carried the burden of proving this defense. The jury instruction properly shifted the burden to Dreis & Krump. Once the sole proximate cause defense is proven, defendant is insulated from liability because its fault, if any, cannot be a proximate cause of plaintiff's injuries. *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 323–24 (Iowa 1992).

There can be more than one proximate cause of an injury or damages. *Id.* at 323. However, there can be only one sole proximate cause. *Id.* "Sole proximate cause is not a comparative fault defense because proof of sole proximate cause insulates a defendant from liability. In these circumstances, the fault of a defendant cannot be a proximate cause of plaintiff's injuries." *Id.* at 323–24 (citing Iowa Civil Jury Instruction 700.4 & cmt.); *Klein v. City of Keokuk*, 438 N.W.2d 22, 24 (Iowa App.1989) (quoting *Sponsler*, 329 N.W.2d at 665) (" 'any event not chargeable to the defendant that constitutes the sole proximate cause of the injury will . . . insulate the defendant from liability' ").

Chumbley contends a sole proximate cause defense is inapplicable where the entity alleged to be at fault, Fairplay, is immune from suit under workers compensation laws. The Iowa Supreme Court, however, has held: "The defense is available even when a third party alleged to be responsible for the injury is not joined in the case." *Sponsler*, 329 N.W.2d at 665 (citing *Six v. Freshour*, 231 N.W.2d 588, 593 (Iowa 1975)). We do not attempt to make an exception to this long-standing precedent regarding the sole proximate cause defense.

The jury instruction given by the district court in the instant case is closely patterned after Iowa Civil Jury Instruction 700.4. Providing a sole proximate cause instruction to the jury is part of the district court's obligation to instruct the jury on a party's theory of the case. *Sponsler*, 329 N.W.2d at 665.

We hold the sole proximate cause instruction correctly states the law and is supported by substantial evidence. The district court did not err in giving this instruction to the jury.

Costs of this appeal are taxed to Chumbley.

**AFFIRMED.**