**IN THE COURT OF APPEALS OF IOWA**

No. 20-0093
Filed June 16, 2021

**LADEN & PEARSON, P.C.,**
    Plaintiff-Appellee,

**vs.**

**STEVEN McFADDEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Coleman J. McAllister,

Judge.


Steven McFadden appeals from the district court's adverse summary

judgment rulings on a contract claim and counterclaim. **AFFIRMED.**


Peter C. Riley and Patrick J. Riley of Tom Riley Law Firm, P.L.C., Cedar

Rapids, for appellant.

Kevin J. Driscoll and Abigail L. Wallace of Finley Law Firm, PC, Des Moines,

for appellee.


Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Steven McFadden appeals two rulings granting Laden & Pearson, P.C.'s summary judgment motion on its contract claim and dismissing McFadden's counterclaim of legal malpractice. We affirm both rulings.

**I. Background Facts & Proceedings**

The law firm Laden & Pearson, P.C. (L&P) represented McFadden in a marriage dissolution action from 2014-2017. On May 22, 2017, McFadden and his spouse filed a dissolution stipulation, which the court approved the following day.

L&P hired a third party to help draft the stipulation. According to McFadden, L&P advised McFadden the stipulation allowed him to be reimbursed for taxes he had paid on his ex-spouse's behalf. Consistent with this understanding, after the decree was issued L&P disbursed an amount from McFadden's client trust account to cover the ex-spouse's half of the 2015 tax liability.

On October 23, McFadden's ex-spouse filed an application for rule to show cause and a petition for declaratory judgment, alleging McFadden "willfully and wantonly violated" the decree in several ways, including directing three wrongful disbursements from the L&P trust account—among them the 2015 tax disbursement.

McFadden retained new counsel for the contempt and declaratory judgment hearing. The court heard conflicting testimony from McFadden and his ex-spouse on whether the liability was to be split evenly or be McFadden's sole responsibility.[1]

---

[1] The court found the ex-spouse's explanation credible and that it comported with a paragraph and exhibit from the decree making McFadden responsible for the entire tax liability.

The court described the stipulation provisions on the tax liability as, "[i]f not expressly contradictory, . . . at least poorly crafted and hopelessly vague." The court further concluded "assignment of responsibility for 2015 state taxes is vague, if not thoroughly contradictory." Under the court's interpretation of the stipulation, McFadden was not entitled to reimbursement. McFadden did not appeal.

On June 18, 2018, L&P filed a petition against McFadden for the recovery of fees accrued between May 16 and November 7, 2017. On October 5, 2018, McFadden answered the petition, asserting the outstanding fees were "a result of [L&P]'s attempt to correct their negligence" and included a counterclaim for legal malpractice. Both the asserted negligence claim and malpractice counterclaim were based on the drafting and review of the tax liability stipulation. L&P filed an answer to McFadden's counterclaim on October 22.

On April 22, 2019, McFadden designated an expert witness to support his legal malpractice counterclaim. No expert report was included with the designation. On August 8, L&P filed a motion for summary judgment on McFadden's counterclaim, which McFadden resisted. In its reply to McFadden's resistance, L&P asserted McFadden's expert disclosure was not timely and stated no expert report had been provided by McFadden. *See* Iowa R. Civ. P. 1.500(2)(b) (requiring a written report be provided with the disclosure of an expert witness). On September 12, McFadden provided a "short, conclusory" expert report to L&P. The summary judgment hearing was held on September 13.

On September 20, the court dismissed McFadden's legal malpractice counterclaim based on the untimely disclosure and report of his necessary expert witness. McFadden filed a motion to reconsider, enlarge, or amend.

L&P filed a second motion for summary judgment, this time for their breach-of-contract claim. On December 9, the court enlarged its September 20 ruling to address the other grounds raised by L&P in its original motion and granted L&P's second summary judgment motion for its claims against McFadden.

McFadden appeals both summary judgment rulings.

## II. Standard of Review

"We review the district court's summary judgment ruling to correct errors at law." *Vossoughi v. Polaschek*, 859 N.W.2d 643, 649 (Iowa 2015). "Summary judgment is appropriate when the moving party demonstrates that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Id.*

## III. Analysis

McFadden raises three issues on appeal: (1) his counterclaim and affirmative defense were not barred by issue preclusion; (2) his designation of a professional expert witness and delayed expert report complied with Iowa Code section 668.11 (2018); and (3) he sufficiently pled and supported his affirmative defense to defeat summary judgment. We find the second and third issues are determinative and decline to address the issue preclusion claim.

**A. Malpractice Counterclaim.** "In a claim for legal malpractice, 'unless the plaintiff's claim is based on standards of care and professionalism understood and expected by laypersons, the plaintiff will have to retain an expert to go forward.'" *Stender v. Blessum*, 897 N.W.2d 491, 505 (Iowa 2017) (quoting *Barker v. Capotosto*, 875 N.W.2d 157, 167 (Iowa 2016)). The expert witness testifies as to the standard of care required "of a similarly situated ordinary lawyer." *Id.* Summary

judgment may be appropriate when expert testimony is required to establish negligence but not available, because then there is no genuine issue of fact that can be proved. *Kubik v. Burk*, 540 N.W.2d 60, 65 (Iowa Ct. App. 1995).

The district court found McFadden's failure to comply with Iowa Code section 668.11 was dispositive in his malpractice claim. Iowa Code section 668.11 governs expert witness disclosure in a professional liability case.

> 1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:
> a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.
> b. The defendant within ninety days of plaintiff's certification.
> 2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

Iowa Code § 668.11.[2] Notably, while the good cause determination is within the court's discretion, if the failure to comply with subsection 1 has not been presented, the court does not have discretion and must prohibit the expert from testifying. *See id.* § 668.11(2).

The L&P answer to McFadden's malpractice counterclaim was filed October 22, 2018. The statutory time frame of 180 days ended on April 20, 2019,

---

[2] "Good cause under section 668.11 must be 'more than an excuse, a plea, apology, extenuation, or sum justification for the resulting effect.'" *Thomas v. Fellows*, 456 N.W.2d 170, 172 (Iowa 1990) (citation omitted). The failure to disclose in a timely manner should not be due to "negligence or want of ordinary care or attention, or . . . carelessness or inattention." *Donovan v. State*, 445 N.W.2d 763, 765–66 (Iowa 1989) (citation omitted) (considering a definition of "good cause" for purposes of section 668.11).

a Saturday. On April 22, McFadden filed his expert designation. McFadden did not file a motion to extend his time for good cause to designate his expert witness or provide a good-cause reason for the delay under section 668.11.

Instead, McFadden claims his expert designation, although not within 180 days, was timely due to an extension allowed for weekend deadlines under Iowa Code section 4.1(34).[3]

> **Time—legal holidays.** In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday. However, when by the provisions of a statute or rule prescribed under authority of a statute, the last day for the commencement of an action or proceedings, the filing of a pleading or motion in a pending action or proceedings, or the perfecting or filing of an appeal from the decision or award of a court, board, commission, or official falls on a Saturday, a Sunday, . . . [legal holidays], and the following Monday when any of the foregoing named legal holidays fall on a Sunday, . . . the time shall be extended to include the next day which the office of the clerk of the court or . . . is open to receive the filing of a commencement of an action, pleading or a motion in a pending action or proceeding, or the perfecting or filing of an appeal.

Iowa Code § 4.1(34).

The statute is specific, as is its plain language. *See Root v. Toney*, 841 N.W.2d 83, 88–89 (Iowa 2013) (invalidating a court rule that contradicted the section 4.1(34) extension). The deadline for filing "the commencement of an action," "a pleading or motion in a pending action," or "an appeal" is extended if it falls on a Saturday, Sunday, holiday, or if the clerk of court's office is closed. Iowa

---

[3] McFadden claims, at the time of the first summary judgment hearing, L&P did not assert the expert designation was untimely. During the summary judgment hearing on September 13, L&P did tell the court the expert was timely designated but the report was untimely. However, L&P argued the issue a week before the hearing in its brief in reply to McFadden's resistance, clearly indicating the 180-day time frame expired on April 20.

Code § 4.1(34). Any other computed deadlines are extended *only if* they land on a Sunday. *See id.* If the legislature had intended to extend time for all filings due on either weekend day, it would have done so.

The disclosure of an expert under section 668.11 is not the commencement of an action or appeal, nor does it qualify as a pleading or motion. *See* Iowa R. Civ. P. 1.401 (listing allowable pleadings), 1.431(1) (defining motion). Consequently, the disclosure deadline is computed under the first sentence of section 4.1(34) and time is only extended if the last day falls on a Sunday. We agree with the district court McFadden's section 668.11 expert disclosure was not timely.

The district court further considered whether good cause existed to excuse McFadden from the statutory deadline, ruling,

> Simply put, in this case there has been no reason proffered by McFadden to justify a finding of good cause. The expert designation was not only untimely, but this untimeliness further extended the additional [five] months it took McFadden to present [L&P] with a written report from the late designated expert.[4] The court concludes good cause does not exist in this case to excuse McFadden's noncompliance with Iowa Code section 668.11.

McFadden did not file a motion for extension of time for good cause. On appeal, he does not make a good cause argument, instead claiming the court made an error of law in its interpretation of section 668.11 and the computation of time under section 4.1(34).

---

4 Iowa Rule of Civil Procedure 1.500(2)(b) requires an expert's written report accompany the expert witness disclosure. While this can be modified by agreement of the parties, the trial scheduling order in this case also provided the necessary disclosures would be provided at the same time as the expert was certified.

The district court correctly determined McFadden's failure to comply with the expert disclosure deadline was without good cause under Iowa Code section 668.11.[5]  Because expert testimony is necessary to establish negligence in this case, the lack of such testimony makes summary judgment appropriate.  *See Kubik*, 540 N.W.2d at 65.

We affirm the district court's order granting L&P summary judgment on McFadden's legal malpractice counterclaim.

**B.  Affirmative Defense.**  The district court considered the elements of L&P's breach-of-contract claim and held every element was supported by a preponderance of the evidence.[6]  McFadden does not challenge this ruling on appeal.  McFadden claims he properly pled and offered sufficient evidence to support an affirmative defense and was not estopped from bringing a defense of professional negligence.  L&P counters the defense McFadden asserts is not a defense to a breach-of-contract claim, he cannot establish professional negligence, and McFadden has provided no credible evidence to prove his defense.

---

[5] Upon McFadden's motion to reconsider, the court further noted McFadden's expert disclosure timing violated the civil procedure rule and trial scheduling order requiring a written report accompany the expert witness designation.  *See* Iowa R. Civ. P. 1.500(2)(b).  McFadden did not substantially justify or show as harmless the five-month delay between expert disclosure and providing expert's report and, therefore, was "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."  *See* Iowa R. Civ. P. 1.517(3).

[6] To prove a breach of contract, L&P had to show (1) the existence of a contract, (2) the terms and conditions of the contract, (3) L&P performed all the terms and conditions required under the contract, (4) McFadden breached the contract, and (5) L&P suffered damages as a result of McFadden's breach.  *See Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010).

An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Affirmative defense*, Black's Law Dictionary (11th ed. 2019). It "rest[s] on facts not necessary to support plaintiff's case." *Bond v. Cedar Rapids Television Co.*, 518 N.W.2d 352, 355 (Iowa 1994) (citation omitted). The party pleading an affirmative defense bears the burden of proof. *See Sponsler v. Clarke Elec. Coop., Inc.*, 329 N.W.2d 663, 665 (Iowa 1983). In resisting a supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5). "[M]ere denials of specific paragraphs in plaintiffs' petition are insufficient to raise affirmative defenses." *Bond*, 518 N.W.2d at 355.

L&P's petition asserted, "[McFadden] failed to pay for the services rendered by [L&P]. After deducting all credits to which [McFadden] is entitled there remains a balance due of $19,143.95." McFadden answered that paragraph as follows:

> Paragraph 5 of [L&P]'s petition is denied. [McFadden] has sufficiently paid his bill for services rendered by [L&P]. In its representation of [McFadden], [L&P]'s negligence caused additional work to be done in the case due to an ambiguous provision in the decree. The increased bill claimed to be owed is a result of [L&P]'s attempts to correct their negligence. [McFadden] does not have a legal duty pursuant to the fee agreement to pay for [L&P]'s attempts to correct its own negligence.

McFadden claims this answer is his affirmative defense. There are several assertions within this answer McFadden had to support: (1) L&P was negligent,

(2) additional work was required due to the tax provision, and (3) the outstanding bill was for work related to the tax provision.

McFadden submitted no exhibits or affidavits with his resistance. *See* Iowa R. Civ. P. 1.981(3) ("If affidavits supporting the resistance are filed, they must be filed with the resistance."). Examining McFadden's statement of disputed facts, including his affidavit he cites from the *first* summary judgment motion, we find no factual allegations establishing *any* of L&P's unpaid bill was related to the provision, much less attributing the entire amount to addressing the provision.[7]

The district court found McFadden failed to show any disputed facts precluded L&P's breach-of-contract claim. We agree McFadden failed to allege, much less establish, sufficient facts to support his purported defense. Because L&P has shown it is entitled to judgment for breach-of-contract, we affirm.

**AFFIRMED.**

---

[7] McFadden makes no effort to identify individual parts of the outstanding invoice that might be attributed to the claimed negligence. The time span included in the outstanding invoice includes the week immediately before the filing of the stipulation and dissolution decree, the subsequent asset distribution, and the time period in which the other issues arose in leading to the contempt action—all of which detracts from McFadden's claim that "The increased bill . . . is a result of [L&P]'s attempts to correct their negligence." Moreover, any claim for money paid to another attorney in regards to the stipulation would have been part of the dismissed counterclaim.